<em>Judgment affirmed. Russell, J., absent because of illness.</em><br><small>DECIDED AUGUST 6, 1912.</small>

Indictment for arson; from Irwin superior court—Judge George. May 10, 1912.

*Newbern & Meeks,* for plaintiffs in error.
*Max E. Land, solicitor-general,* contra.

---

4267.   STRICKLAND <em>v.</em> THE STATE.

POTTLE, J.   1. Where, in the trial of a criminal case, the judge instructed the jury that in cases of circumstantial evidence, such as the case on trial, the evidence must be not only consistent with the guilt of the defendant, but such as to exclude every other reasonable hypothesis than that of his guilt, it was not error demanding a new trial that the judge omitted from his instructions the definition of circumstantial evidence. Having expressly stated that the guilt of the defendant rested solely upon circumstantial evidence, it was immaterial that the court failed to definitely explain to the jury the meaning of the term circumstantial evidence.

2. The evidence warranted the court in charging the jury as follows: "Recent possession of stolen goods, unexplained, may be sufficient to authorize a conviction of the person in possession of them of a larceny or of a burglary, if a burglary is shown, to the degree of proof required, to have been committed by some person."

3. The evidence touching the defense of alibi was not such as to show the impossibility of the defendant's presence at the time when and the place where the crime was committed, and it was consequently not error, in the absence of a written request to that effect, to fail to charge the jury the law of alibi. *Couey* v. *State,* ante, 415, and citations.

4. While the evidence is in some respects weak and unsatisfactory, inasmuch as there are some facts and circumstances tending to show that the accused committed the crime for which he was convicted, the discretion of the trial judge in refusing to set the verdict aside will not be controlled by this court.

<em>Judgment affirmed. Russell, J., absent because of illness.</em><br><small>DECIDED AUGUST 6, 1912.</small>

Indictment for burglary; from Appling superior court—Judge Conyers. May 11, 1912.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general, Parker & Highsmith,* contra.