### 6787. HAMILTON v. THE STATE.

1. It was not error to refuse to charge the jury that a certain fact, if proved, "would be a circumstance tending to prove lack of fraudulent intent." Such an instruction would have invaded the province of the jury.

2. It was not error to refuse to charge the jury to the effect that if they believed there was no fraudulent intent on the part of the accused, an offer by him in good faith "to replace the shortage, if any, . . might relieve him from the count covering such shortage."

3. An order by the trial judge, given privately and not in the hearing of the jury, directing the sheriff to take into custody the defendant, who was under bond for his appearance and was present at his trial, was not subject to exception on the ground that it conveyed to the jury the impression that the court believed that he was guilty.

4. The court did not err in not giving to the jury an instruction, not requested in writing, that mere neglect by the defendant to pay over money of the corporation to the corporation would not be sufficient to convict him.

5. There is no merit in the exception that the court erred in not giving to the jury an instruction, not requested in writing, that, in order to convict the accused, it was necessary to show not only the receiving of money, but also attempted concealment, flight, falsification of accounts, or evasion. This proposition was sufficiently covered by instructions given.

6-7. The court did not err in admitting in evidence a receipt of the defendant for money collected for the corporation named in the indictment, though the indictment did not relate to that money; nor did the court, in charging the jury, err in omitting an instruction, not requested in writing, that this evidence was admitted for the sole purpose of illustrating the intent of the accused as to matters alleged in the indictment, and that, as the indictment did not include this item, the jury could not base their verdict thereon.

8. The omission of the court to define to the jury the words "circumstantial evidence," where not requested so to do, after giving in charge the rule as to circumstantial evidence, as laid down in the Penal Code, § 1010, is not error requiring a new trial.

9-10. The court having fully and correctly charged the jury on the law touching the defendant's statement to the court and jury, an instruction that the jury should "take the facts" as they got them "from the witness stand" did not restrict the jury to the testimony and eliminate from their consideration the defendant's statement, in reaching their verdict. Nor did it exclude from consideration the documentary evidence.

11. The charge of the court sufficiently instructed the jury to the effect that if they should find the defendant guilty and recommend that he be punished as for a misdemeanor, such recommendation would be effective only on approval thereof by the court.

12. The verdict was supported by the evidence.

DECIDED JUNE 27, 1916.

Indictment for embezzlement; from Lowndes superior court— Judge Thomas. June 18, 1915.

*James M. Johnson,* for plaintiff in error.

*J. A. Wilkes, solicitor-general, E. K. Wilcox,* contra.

HODGES, J. 1. Plaintiff in error excepts to the refusal of a request to charge the jury as follows: "The fact, if proven, that any receipts given by the defendant were signed by him in his own name would be a circumstance tending to prove a lack of fraudulent intent." The refusal so to charge was proper. Under the law the judge should not express to the jury an opinion as to the weight and force of the evidence. The judge would have invaded the province of the jury if he had charged them that if the fact mentioned was shown by the evidence, it *"would* be a circumstance tending to prove a lack of fraudulent intent." Such a fact *might* be a circumstance tending to prove a lack of fraudulent intent, but the court could not as a matter of law tell the jury that it *would* be a circumstance tending to prove a lack of fraudulent intent.

2. Counsel for the accused requested the court to charge the jury as follows: "If, after an audit was had of the company's books and any discrepancies were discovered, if you believe there was no fraudulent intent on the part of the defendant, and the defendant offers to replace the shortage, if any, this might relieve him from the count covering such shortage, if you believe the offer was made in good faith and the defendant had the money to pay." The court properly declined this request. The court could not

properly say to the jury that "this might relieve [the defendant] from the count covering such shortage." The jury were instructed fully and clearly as to fraudulent intent, the court charging them that it would be their duty to acquit the defendant, unless they found that he took with fraudulent intent, the money alleged to be embezzled. If the defendant took the money without fraudulent intent, he was innocent and could not be convicted whether he offered to return it or not. If he took the money with fraudulent intent and offered to return it, the offer would in no way exculpate him. The request was fully covered by the concise, succinct charge of the presiding judge.

3. Plaintiff in error complains that after he had entered upon his trial the court ordered the sheriff to take him into custody, and insists that this amounted to an expression to the jury of an opinion on the part of the judge that he was guilty. The order was given privately, but in the opinion of this court it matters not how it was given. If the prisoner's bond was conditioned for his appearance to answer a bill of indictment in Lowndes superior court, his bail was released when he appeared and answered by his plea of not guilty, and it was the duty of the sheriff to take him in custodia legis. The record does not show the character of the bond given by the accused, but we assume that it was conditioned for his appearance to answer a bill of indictment in Lowndes superior court, and, the sheriff not taking him in custody, it was the duty of the presiding judge to see that he was placed in the custody of the law.

4. Plaintiff in error excepts because the court failed to charge the jury that his mere neglect to pay over the money of the corporation to the corporation, if such came into his hands, would be insufficient to convict him. No timely written request for such an instruction having been made, this exception is without merit.

5. It is contended that the court erred in failing to charge the jury that in order to convict, it was necessary to show, in addition to proof of the reception of the money, some proof of attempted concealment, flight, falsification of accounts, or evasion. We think this proposition was fully covered in the instructions given, and there was no timely written request for such a charge.

6. Plaintiff in error excepts to the admission of testimony of W. A. Pardee, as follows: "In the year 1912, November 6th

thereof, I was employed by Ousley & Company, and the said company was a customer at that time of the Valdosta Lighting Company and bought ice from that company. I received and paid out most of the money for said company and had charge of the books, and this bill for $4.10 here presented to me, purporting to have been made out by the Valdosta Lighting Company against Ousley & Company, was presented to me for payment, and as an employee of said Ousley & Company I paid that bill, but I don't remember to whom I paid it, nor do I remember whether or not I paid the same to the party who receipted the bill, nor do I know L. D. Hamilton's handwriting." The signature to this receipt was identified as the signature of L. D. Hamilton (the defendant), and it was a question for the jury whether or not the money was paid to him, and the evidence was clearly admissible.

7. Plaintiff in error excepts to the failure of the court to charge the jury as follows: "Certain evidence has been introduced relative to an item of $4.10 alleged to have been collected by the defendant from the Ousley Company. There being no count in the indictment covering this item, the court instructs you that you could not find a verdict based on this item, but evidence as to this item was admitted for the sole purpose of illustrating the intent of the defendant in any other of the different counts or matters alleged in other counts in the bill of indictment, and you will consider it and see if it tends in any way to illustrate the defendant's intent." It is further complained that the court failed to charge the jury that the evidence relative to the Ousley Company item was admitted for the purpose only of illustrating the intent of the defendant, and for no other purpose. The court instructed the jury that the evidence must establish the matters alleged in the indictment; and, no timely written request for these special instructions having been made, the court did not err in not giving such instruction.

8. The court instructed the jury as to the weight and force of circumstantial evidence, giving them the rule laid down in the Penal Code, § 1010, but did not define the term "circumstantial evidence," and the plaintiff in error excepts to the failure of the court so to do. This was not error. *Strickland* v. *State,* 11 *Ga. App.* 417 (75 S. E. 491). Every intelligent juror knows the meaning of the term "circumstantial evidence" as opposed to positive or

direct evidence, without any specific instructions, couched in legal phraseology; and there was no request to the court to define this term to the jury.

9. It is contended that the instruction of the court that the jury should take the facts "as you get them from the witness stand" excluded the defendant's statement from the consideration of the jury. The judge instructed the jury fully on the weight, force, and credit to be given to the defendant's statement, and there is no merit in this exception. *Jordan* v. *State,* 130 *Ga.* 406 (5), 408 (60 S. E. 1063).

10. It is further complained that the instruction to the jury to base their verdict upon the facts "as you get them from the witness stand" excluded from their consideration documentary evidence. The documentary evidence in the case was identified by witnesses on the stand, and was part and parcel of their testimony, and the charge of the court did not limit in any way the jury's consideration of all the evidence adduced upon the trial.

11. Complaint is made that the judge, in his charge to the jury, failed to say that in the event that they should find the defendant guilty and recommend that he be punished as for a misdemeanor, such recommendation would be effective only on approval thereof by the court. We think the court sufficiently instructed the jury to this effect.

12. The verdict being supported by the evidence, and approved by the trial judge, and no error of law having been committed, the judgment is　　　　　　　　　　　　　　　　　　*Affirmed.*