18911. JONES *v.* THE STATE.

BLOODWORTH, J. 1. The evidence was ample to authorize the jury to find that the crime was committed in the county of 'Fulton.

2. In charging the jury the judge read to them the material portions of the indictment, including the allegation that the offense was committed "in the county of Fulton and State of Georgia," and in the course of

his instructions told them: "It is for you to determine from the evidence in this case, together with the defendant's statement, as to whether or not he is guilty of this crime *as charged in this bill of indictment*." "On the other hand, if you have a reasonable doubt as to his guilt, or if you believe the State has failed to prove *all the material allegations of the indictment* to the exclusion of every other material hypothesis save that of his guilt, then it would be your duty to acquit him and find a verdict of not guilty." (Italics ours.) In the absence of a proper written request for a fuller charge, the instructions given were sufficient. *Bailey* v. *State*, 23 *Ga. App.* 146 (3) (98 S. E. 89); *Livingston* v. *State*, 18 *Ga. App.* 679 (2) (90 S. E. 287).

3. There was evidence which authorized the judge to charge the jury on the law of conspiracy. "In criminal law, conspiracy is a combination or agreement between two or more persons to do an unlawful act, and may be established by proof of acts and conduct, as well as by direct proof or by express agreement." *Bolton* v. *State*, 21 *Ga. App.* 184 (94 S. E. 95). See *Davis* v. *State*, 114 *Ga.* 104 (3), 107 (39 S. E. 906); *Chance* v. *State*, 156 *Ga.* 428 (3 *a*) (119 S. E. 303), and cit.

4. There is some evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 12, 1928.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, J. W. LeCraw,* contra.