# CHARLESTON.

T. N. Read *v.* Della Wiseman

(No. 6141)

Submitted October 23, 1928.   Decided October 30, 1928.

*W. M. LaFon* and *W. F. Boggess,* for plaintiff in error.
*Thomas Leigh Read,* for defendant in error.

Litz, Judge:

The plaintiff, T. N. Read, seeks to recover from the defendant, Della Wiseman, the sum of $4,483.10, for money paid

by him as accommodation indorser on a negotiable note for $6,240.00, dated July 30, 1921, (and twice renewed), purporting to have been signed by M. T. Wiseman and Della Wiseman, his wife, as makers, and discounted at the National Bank of Summers, Hinton, W. Va. By deed bearing even date therewith, M. T. Wiseman and Della Wiseman, his wife, conveyed to C. H. Thompson, trustee, a tract of 38 acres of land in Greenbrier county, on which the grantors resided, to secure the payment of said note (and any renewal thereof), the proceeds of which were used to discharge encumbrances on said land. The deed of trust recites that the note was signed by M. T. Wiseman and Della Wiseman, as makers. M. T. Wiseman having been adjudged a bankrupt, the property was sold under the deed of trust, April 11, 1925, for $2,225.00; and on June 20, 1925, the plaintiff paid the bank the remainder of its claim. This action was instituted, after the death of M. T. Wiseman, in 1926. The defense, offered under the plea of *non est factum*, is that the defendant did not sign, nor authorize her signature to, the original or renewal notes. The plaintiff testified that he indorsed the note as an accommodation for the Wisemans, believing the recital in the deed of trust, that the note had been executed by both of them, to be true. The court instructed the jury, notwithstanding the reliance of the plaintiff upon the truth of said recital, that they should find for the defendant unless they believed from the evidence that she did, in fact, sign the original note. This instruction (binding in effect) is erroneous because it ignores the question of estoppel presented by the deed. The verdict, returned in favor of the defendant, was set aside on motion of the plaintiff. Of this ruling the defendant complains. A binding instruction which ignores material evidence or pertinent issues supported by substantial evidence is erroneous, and constitutes ground for setting aside the verdict by the trial court or reversal on appeal. *Johnson* v. *Bank,* 60 W. Va. 320; *Diddle* v. *Continental Casualty Company,* 65 W. Va. 170; *Delmar Oil Company* v. *Bartlett,* 62 W. Va. 700; *Trippett* v. *Monongahela West Penn Public Service Company,* 100 W. Va. 319.

The judgment of the circuit court is affirmed.

*Affirmed.*