25928.   HARRIS *v.* THE STATE.

DECIDED FEBRUARY 2, 1937.

*Jerome Crawley, Will C. Parker, Harry M. Wilson,* for plaintiff in error.

*John S. Gibson, solicitor-general,* contra.

MacINTYRE, J.   W. J. Harris was convicted of voluntary manslaughter, and his punishment was fixed by the verdict at not less than ten nor more than fifteen years.   His motion for a new trial was overruled, and he excepted.

■   Taking the view of the evidence which is most unfavorable to the accused, which we do in passing on a motion for new trial, it in effect shows that the defendant, who was somewhat drawn with rheumatism, was smaller in size than the deceased; that, after an argument about a certain jug which had been left with the defendant at his place of business by the deceased, the defendant not only called the deceased a liar, but also a God damn liar; that the

deceased, an able-bodied, strong, and robust man, thereupon struck the defendant two hard blows with his fists, and that the defendant killed the deceased by shooting him three times, once in the thigh, once in the stomach above the navel, and once in the shoulder. A witness testified: "The first shot hit him in the leg. I know, 'cause I seen him give. He just kept right on going down. The second shot missed him. I seen it dig dirt up by him. Harris [the defendant] was shooting somewhere 'bout his legs along about here" (indicating). On the other hand, the effect of the defendant's statement and one of his witness's testimony was that the deceased, after hitting the defendant twice with his fists, hit him a third time over the head with the stick, which knocked him down, and that the deceased thereupon picked up his small goat-cart, or wagon, and was trying to·advance on the defendant with that weapon when the defendant shot him. The wagon, or goat-cart, and stick were introduced in evidence by the defendant, without objection. We think the jury were authorized to render a verdict of voluntary manslaughter.

■ The court charged the jury: "The law you take from the court as given you in charge, and the facts you get from the witnesses who testify in the case and from the statement of the defendant, and to the facts you apply the law and thus make up your verdict." The court also charged: "In your consideration of this case you will consider all of the oral testimony and physical testimony, if any has been introduced before you, in arriving at a verdict in this case." The defendant excepted to these instructions, on the ground that "the failure of the court to include physical evidence in his charge was harmful and injurious to the defendant, because the stick and goat-cart, which was the physical evidence introduced, corroborated the statement of the defendant and the defendant's witness, Aline Chauncey, to the effect that the deceased hit the defendant with the stick and was attempting to hit him with the cart at the time the defendant shot the deceased, and thus deprived him of having the jury consider all of the evidence;" and also on the ground that "the admissibility of evidence is a question for the court to determine and not the jury. In the case at bar there was no issue as to physical evidence, because the stick and goat-cart and shirt were admitted by the State without objection. The court should have charged on this evidence in a

positive manner, and should not have qualified his charge by saying, 'if any (physical evidence) has been introduced before you.'" We do not think the quoted excerpts had the effect of withdrawing from the consideration of the jury the physical objects; nor were these excerpts error requiring a new trial, especially as the court elsewhere instructed the jury: "If you believe the contentions of the defendant to be true in this case, you should acquit him; or if you have a reasonable doubt upon your mind as to his guilt, after going over the entire case, the evidence, facts and circumstances, including the physical evidence, if any has been introduced in the trial of the case, and the statement of the defendant —after due consideration of all the evidence in the case, including the statement of the defendant, if you have a reasonable doubt upon your minds as to his guilt, you should acquit him." *Myers* v. *State,* 151 *Ga.* 826 (108 S. E. 369) ; *W. & A. R. Co.* v. *Tate,* 129 *Ga.* 526 (3) (59 S. E. 266). The instant case is distinguishable from *Middleton* v. *State,* 29 *Ga. App.* 375 (115 S. E. 277).

■ The defendant assigns error on the failure of the court to charge the law on involuntary manslaughter. This assignment is based on the evidence of two witnesses, one of whom testified as follows: "Mr. Harris [the defendant] was not shooting up in the body. He was shooting down in his legs, shooting at his feet, yes." The other testified, "Mr. Harris was shooting somewhere about his legs along here" (indicating). The defendant contends that this evidence shows conclusively "that Harris in shooting Pittman down in his legs, at his feet, somewhere about his legs along here (indicating), was the act of a man trying to keep Pittman from unmercifully beating him, and disproves clearly that Harris had any intention at the time to kill Pittman." We can not agree to this contention of the defendant. "Where one voluntarily fires a loaded pistol at another, without excuse and not under circumstances of justification, and kills the person at whom he shot, the law will hold the slayer responsible for the consequences of his act. It conclusively presumes malice on the part of the slayer; and. the grade of the homicide, so committed, will not be reduced to involuntary manslaughter, even if the intent of the slayer, under such circumstances, was to wound or cripple the deceased, and not to kill." *State* v. *Stovall,* 106 *Ga.* 443 (3) (32 S. E. 586). See also *Smith* v. *State,* 73 *Ga.* 79 (3) ; *Conley* v. *State,* 21 *Ga. App.* 134 (5) (94 S. E. 261).

192

■ The court gave in charge Code, § 26-1007, which defines voluntary manslaughter, omitting therefrom the part of said definition which declares that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." And then the court, in the charge, defined the meaning of "a serious personal injury on the person killing," and the meaning of "other equivalent circumstances," as used in the Code section. To the instruction defining "other equivalent circumstances" the defendant excepted on the ground that "there was no evidence in the case to warrant the charge complained of. The charge put an issue in the case and a burden on the plaintiff which was injurious and harmful to him, in that it was misleading to the jury, leaving to the jury to decide whether there was an assault upon the plaintiff or not, when all the testimony in the case showed conclusively that there was an assault upon the plaintiff, and the charge to the jury should have left to it only the question as to whether or not the killing of the deceased was a defense out of proportion to the assault upon the defendant by the deceased." We think the court was right in charging the law of voluntary manslaughter; and if this be true, surely it can not be said that it was error to define voluntary manslaughter in the words of the statute, and then to explain the abovementioned technical terms contained in the definition. *Price* v. *State,* 137 *Ga.* 71, 74 (7) (72 S. E. 908) ; *Futch* v. *State,* 137 *Ga.* 75 (72 S. E. 911).

■ In his brief counsel for the plaintiff in error argues that the court should have charged the law with reference to physical inequality between the relative size and strength of the deceased and the defendant. No exception was taken in the motion for new trial to the failure to so charge, and therefore the point can not be passed on by this court.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*