27153. SOUTHERN RAILWAY COMPANY *v.* WILCOX.

786

Decided March 10, 1939.   Rehearing denied March 29, 1939.

*Maddox, Matthews & Owens, E. S. Griffith, Walter Matthews,* for plaintiff in error.

MacIntyre, J.  The plaintiff sought recovery for personal injuries and damages to his automobile and certain tools therein by a railroad train at a public crossing.  The jury found in favor of the plaintiff and the defendant moved for a new trial which was overruled and it excepted.

■  The judge charged the jury in part as follows:  ["Gentlemen, the burden is on the plaintiff to make out his case, and to make it out as alleged, to your satisfaction, by a preponderance of the testimony.  A preponderance of testimony is that superior weight of testimony which may not be sufficient to free your minds from a reasonable doubt, but must be sufficient to incline your minds to one side of the issue rather than to the other.]  If in weighing the testimony you find that it is about the same on each side, then the plaintiff has not carried the burden, and he can not recover.  The defendant does not have to prove that it is not liable, but the plaintiff must prove liability of the defendant before the defendant is required to make any proof at all.  That's what I mean by saying that the burden is on the plaintiff to make out the case and make it out as alleged.  You are the sole judges of

the credibility of the witnesses and the weight of the testimony of each witness. You should take into consideration the witness's manner of testifying, the probability or improbability of the facts to which he testifies, the reasonableness or unreasonableness of the facts to which he testifies, and his interest in the case one way or the other, and any circumstance that illustrates the personal credibility of any witness you should consider of course." (Brackets ours.) Special ground 1(a) complains "That the same [that part of the charge above quoted enclosed in brackets], is an incorrect statement of the law of this State, the true rule being as set out in Code, § 38-106, as follows, to wit: 'By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other.'" This exception does not disclose reversible error.

Ground 1(b) complains that the use of the word "testimony" instead of the word "evidence" restricts the jury to a consideration of the oral evidence only and excludes from the consideration of the jury a diagram and several photographs of the scene of the occurrence. The diagram was introduced by the plaintiff, was identified and explained by witnesses on the stand, and was admitted without objection and was presumably in his favor. The pictures were introduced by the defendant without objection, were identified by witnesses on the stand and thoroughly explained by oral testimony of these witnesses, and their correctness was not in dispute. Later on in the charge, the judge referred to two written statements which had been introduced in evidence and said, "Gentlemen, there are two papers introduced here, referred to by counsel as [written] statements," and then told the jury to consider them in passing upon the credibility of the witness's testimony. Therefore, we do not think the jury understood that they were not to consider all of the evidence, and were to consider only the oral testimony. Even though the charge using the word "testimony" instead of the word "evidence" was inapt, yet, when considered with the charge as a whole, it is not considered reversible error. *Hendrix* v. *Bank of Portal,* 169 *Ga.* 264, 265 (6) (149 S. E. 879); *Hamilton* v. *State,* 18 *Ga. App.* 295 (10) (89 S. E. 449); *Atlanta Gas-Light Co.* v. *Cook,* 35 *Ga. App.* 622 (6) (134 S. E. 198);

*Darden* v. *Washington,* 35 *Ga. App.* 777 (6) (134 S. E. 813); *Harris* v. *State,* 55 *Ga. App.* 189 (2) (189 S. E. 680). See *John Hancock Mutual Life Ins. Co.* v. *Davis,* 50 *Ga. App.* 266 (177 S. E. 822), and brief of authorities therein cited.

Special ground 1(c) complains of the failure to use the words "evidence upon the issues involved" in immediate connection with this excerpt of the charge. When the whole charge is considered, it is not reversible error for the reason that it "calculated to mislead the jury into believing that the preponderance of the evidence could be determined by them based upon evidence of slight or no materiality upon the issues involved." *Slowe* v. *State,* 51 *Ga. App.* 726 (2) (181 S. E. 419). See *Byrd* v. *Grace,* 43 *Ga. App.* 255 (9) (158 S. E. 467).

Ground 1(d) complains that the use of the words "your minds," omitting any references to "a reasonable and impartial mind," led the jury to believe that they might determine the preponderance of the evidence solely on the basis of what they might think of the evidence, and not on what "a reasonable and impartial mind" might think of it. In the light of the ruling in *Shingler* v. *Bailey,* 135 *Ga.* 666 (3) (70 S. E. 563), this charge afforded no ground for a new trial in the absence of a proper, timely, written request for a more specific instruction on the subject.

■ Relative to the excerpt of the charge quoted in division 1 of this opinion, supra, sub-divisions (a), (b), and (c) of special ground 2 all, in effect, contend that while the court, in charging the jury "with reference to a determination of where a preponderance of the evidence lies, undertook to give in charge the provisions of Code, § 38-107, bearing on such question, and did substantially give in charge portions thereof," he wholly omitted therefrom some of the provisions of said Code section, and that "it was the duty of the court to instruct the jury fully and completely with reference thereto and not merely to charge certain portions of that Code section." We think the charge of the court was substantially correct (*Thompson* v. *State,* 160 *Ga.* 520, 128 S. E. 756), and is distinguishable from the charge given in *Shankle* v. *Crowder,* 174 *Ga.* 399 (8) (163 S. E. 180). If the defendant thought the charge not full enough or clear enough or omitted something that would have put his side more fairly before the jury, he should have called the court's attention thereto by a proper request to charge. *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511.

■ Subdivisions (a), (b), and (c) of ground 3 all complain of the charge on impeachment of a witness. A witness having testified that a paper handed to him while he was on the stand bore his signature, yet he further testified that there was a statement contained therein (which was contradictory to his present testimony) that was not in his written statement when he signed it, and that the fact recited in this particular part of his statement was untrue and that he had never stated it to be true. The witness further said: "I can not point out any changes or erasures or anything else in that paper since I signed it that was not in there when I signed it." The charge on impeachment relative to this part of the written statement, while substantially embracing the rule relative to such evidence, was somewhat involved and not as clear as it might have been, and upon a proper request should have been clarified (*Central Railroad* v. *Harris,* supra); however, in the absence of a specially written request, it affords no ground for a new trial. None of the contentions in this ground are meritorious.

■ Error is assigned in special ground 4 upon the failure of the judge to give the following requested charge: "If you find from the evidence in this case that the plaintiff stopped his automobile a short distance from the railroad track for the purpose of ascertaining whether or not any train was approaching the crossing, he is charged with notice not only of what he saw and heard, but what he could have seen and heard; so if you find that at the time he stopped he could have seen or heard, or otherwise discovered, that the train was approaching the crossing and he negligently failed to do so, I charge you that he can not recover in this case and you should find for the defendant." The charge to the jury as a whole covered plainly and in substance the principles of law stated in the request to charge. The defendant was not entitled to have the court adopt his language, framed in argumentative form and emphasizing selective facts in his interest, and the failure to give the charge in the language requested was not reversible error. *Sumner* v. *State,* 55 *Ga. App.* 185 (2) (189 S. E. 687).

■ Error is assigned in special ground 5 upon the failure of the judge to give the following requested charge: "If you find from the evidence that the plaintiff ran his car into the side of the engine or train, I charge you that the plaintiff can not recover in

this case, and you should find for the defendant." In *Hodgkins* v. *State,* 89 *Ga.* 761 (3) (15 S. E. 695), it was said: "The court in charging the jury is not bound, at the request of counsel, to direct their attention specially to a particular fact, amongst a great number of facts of which the evidence consists." The charge covered plainly and in substance the principles of law stated in the requested charge, and the failure to give the charge in the language requested was not reversible error. *Clark* v. *State,* 52 *Ga. App.* 61 (2) (182 S. E. 195).

■ The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

### ON MOTION FOR REHEARING.

MacIntyre, J. In addition to what has been said in division 4 of the opinion relative to special ground 4, which relates to a request to charge on the duty of the plaintiff to use his sense of sight and hearing, it should be noted that the judge, in one part of his charge, said: "He must prove the case as he alleges it, and he must show the negligence alleged, and not any other negligence. Now I think I have covered this, but maybe I didn't. Even though you may find that the defendant was negligent, still, if the plaintiff, in the use of ordinary care, by the use of his senses, sight and hearing, could have avoided the collision with the train, he could not recover. Perhaps I was not clear on that. That is a rule of law. The plaintiff must show that he could not have avoided the injury, that he exercised due care and diligence on his part, and that the damage or injuries that he sustained in dollars and cents was the proximate cause, I mean result, of the negligence of the defendant. Proximate cause is that which by a natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred. Negligence, to · be the proximate cause of an injury, must be such as a person of ordinary caution and prudence would have foreseen that some injury would likely occur therefrom, not that the specific injury would result." This instruction, taken in connection with the other parts of the charge on contributory negligence, plainly and in substance covered the principles of law stated in the request, and a failure to charge in the exact language requested is not reversible error.

Relative to special ground 5, the request to charge "that you

should find for the defendant" if the jury found "that the plaintiff ran his car into the side of the engine or train," would have been in effect saying that, regardless of any emergencies, the plaintiff would have been guilty of such contributory negligence as would defeat a recovery; whereas, if all the conditions with reference to what the evidence of the plaintiff showed had been stated and viewed in its most favorable light to the plaintiff, it was not in the power of the court to instruct the jury that the plaintiff, in running into the side of the engine or train, would have been guilty of such contributory negligence as would defeat a recovery. *Standard Cotton Mills* v. *Cheatham,* 125 *Ga.* 649 (6) (54 S. E. 650); Bunnell *v.* Waterbury Hospital, 103 Conn. 520 (131 Atl. 501). It was the jury's right, in this action for a wrongful injury to a person, to determine the question of contributory negligence, as this is a matter to be inferred from the evidence. 1 Reid's Branson, Inst. to Juries (3d. ed.), 45 (98). This requested charge was a hypothetical statement by way of instruction, and was insufficient because it embraced but a part of the issues and ignored all facts necessary to be found as bases for the verdict. 1 Reid's Branson Inst. (3d. ed.), 49 (25); Read *v.* Wiseman, 106 W. Va. 287 (145 S. E. 388).

The other grounds of the motion for rehearing being considered, *Rehearing is denied. Broyles, C. J., and Guerry, J., concur.*