## 33967. JACKSON *v.* MIDDLEBROOKS.

CARLISLE, J. 1. Grounds of a motion for a new trial which are not argued orally, or in the brief of the plaintiff in error, nor generally insisted upon, are treated as abandoned and will not be determined by this court. *Western & Atlantic Railroad* v. *Hughes,* 84 *Ga. App.* 511, 518 (66 S. E. 2d, 382).

2. Where, in the general portions of the court's charge, the jury is instructed: "In determining where the preponderance of evidence lies, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial," it is unnecessary to reiterate this principle of law or to incorporate it specifically in the instruction on the determination by the jury as to the impeachment of witnesses. *Andrews* v. *State,* 196 *Ga.* 84, 109 (26 S. E. 2d, 263). In *Summers Buggy Co.* v. *Estes,* 34 *Ga. App.* 407 (130 S. E. 350), on which counsel for the plaintiff strongly relies, there was no such general charge as indicated above, according to the record in that case which is of file in this court. Special ground 1 is not meritorious.

3. "A witness may be impeached by evidence as to his general bad character. . . The witness may be sustained by similar proof of character" (Code, § 38-1804); and where in a case there is evidence authorizing the jury to find that a witness has been impeached, and the court charges the jury upon the subject of impeachment, but the only evidence in any way tending to sustain such witness is the testimony of another witness that he knew him to be honest, industrious, and well-liked by the customers of the latter witness, such evidence is not a compliance with the Code requirement that an impeached witness may be sustained by proof of general good character. *Hart* v. *State,* 93 *Ga.* 160 (20 S. E. 39); *Moore* v. *State,* 57 *Ga. App.* 287 (4) (195 S. E. 320), *New York Life Ins. Co.* v. *Jennings,* 61 *Ga. App.* 557, 564 (6 S. E. 2d, 431). And, under such circumstances, the trial court does not err in failing to charge the jury on the sustaining of a witness sought to be impeached. Special grounds 2 and 3 are not meritorious.

4. What has been said in division 3 is applicable to the error assigned in special ground 4; nor is it apparent to this court in what manner the jury was misled or confused by the charge given.

The trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 4, 1952.

*T. Baldwin Martin Jr., Martin, Snow & Grant,* for plaintiff in error.

*Carlton Mobley, H. T. O'Neal Jr.,* contra.

Charlie Jackson brought an action in tort against Frances Middlebrooks, praying damages of $11,141, for injuries allegedly sustained by him when the defendant struck him with her automobile as she ran the vehicle upon a sidewalk area on which he was walking in the City of Macon. On the trial of the case, the jury returned a verdict for the plaintiff in the sum of $300 with interest. The plaintiff's motion for a new trial as amended, which was denied by the trial court, was based on the usual general grounds and four special grounds, in which error is assigned on the following excerpt from the court's charge to the jury:

"It is your duty to reconcile the evidence and thus make all witnesses, if possible, speak the truth. However, if after consideration of the evidence you are unable to reconcile the testimony of witnesses, or if there are conflicts, in your judgment, in the testimony of witnesses which you are unable to reconcile so as to make each witness speak the truth, then you should believe such witness or witnesses as you think most entitled to credit.

"Now, gentlemen, I charge you that among other methods a witness may be impeached by disproving the facts testified to by him; also by proof, satisfactory to you, that he has been convicted of a crime involving moral turpitude; and I charge you that burglary is a crime involving moral turpitude. Also a witness may be impeached by proof of contradictory statements previously made by a witness, which are relevant to the issue on trial and to the case. If a witness is successfully impeached, you would discard from your consideration his or her testimony in its entirety unless it is corroborated by other unimpeached evidence or by credible circumstances in the case.

"When a witness has been successfully impeached; that is to say, his or her unworthiness of credit has been established to your satisfaction, the testimony of that witness should be rejected entirely unless it is corroborated as to material matters by other competent and credible evidence, or is corroborated as to material matters by the facts and circumstances of the case as you find them to be.

"I charge you it is the exclusive province of the jury to determine the credibility of all witnesses, and when an effort is made

to impeach a witness the jury then becomes the trior of the credibility of the witness sought to be impeached, and accordingly the jury has the right under all the attendant facts, circumstances and conditions to determine whether or not credit shall be given to a witness or witnesses whose credibility has been attacked, and thereupon the jury decides whether the witness or witnesses have or have not been impeached."

The errors assigned on this excerpt from the court's charge are: (1) It restricted the jury to a consideration of the evidence alone in determining the credibility of witnesses, and took from the jury the right to consider all other matters, such as interest or lack of interest of the witnesses, their demeanor on the stand, and their opportunity of knowing the facts about which they testified. (2) The court failed to instruct the jury in any respect on the subject of sustaining an impeached witness, regardless of whether the witness had been impeached because of prior contradictory statements or because of conviction of a crime involving moral turpitude. (3) The effect of the court's charge on impeachment restricted the jury from considering in any manner the sustaining of witnesses by proof of good character following the successful impeachment of them. (4) In the following portion of the charge the court confused and misled the jury, in that it referred only to impeachment predicated on prior contradictory statements, and not to impeachment by proof of conviction of a crime involving moral turpitude: "When a witness has been successfully impeached; that is to say, his or her unworthiness of credit has been established to your satisfaction, the testimony of that witness should be rejected entirely unless it is corroborated as to material matters by other competent and credible evidence, or is corroborated as to material matters by the facts and circumstances of the case as you find them to be."