36215. NIX *v.* THE STATE.

CARLISLE, J. Upon his trial under an indictment charging him with burglary, the defendant was found guilty and sentenced to serve a term of from one to five years in the penitentiary. His motion for new trial, based upon the usual general grounds and two special grounds, was denied and he assigns error on that judgment.

1. Assignments of error which are not argued in this court, either orally or in the brief, nor generally insisted upon, are to be treated as abandoned. Code § 6-1308. *Jackson* v. *Middlebrooks,* 86 *Ga. App.* 259 (71 S. E. 2d 462). The general grounds and special ground 1 of the motion for new trial in this case come within this rule and will not be determined.

2. Questions not made by the record nor passed upon by the trial court will not be considered by the appellate courts though presented in the brief of file in the appellate court and urged in the argument of counsel (*Newton* v. *Fain,* 114 *Ga.* 833 (2), 40 S. E. 993; *Harris* v. *State,* 55 *Ga. App.* 189, 189 S. E. 680); and, the question of whether the following excerpt from the charge of the court is erroneous, having not been raised in the motion for a new trial, is not reviewable: "Now, gentlemen of the jury, after a careful consideration and analysis of the evidence in this case, including the defendant's statement, and if you believe *from* a reasonable doubt that the defendant in the County of Laurens and State of Georgia, at any time within four years prior to the date of the findings and the return of this bill of indictment into court by the grand jury, did commit the offense of burglary, charged in the indictment; then in that event you would be authorized in finding the defendant guilty as charged."

3. "In criminal law, conspiracy is a combination or agreement between two or more persons to do an unlawful act, and may be established by proof of acts and conduct, as well as by direct proof or by express agreement." *Bolton* v. *State,* 21 *Ga. App.* 184 (1) (94 S. E. 95); *Jones* v. *State,* 38 *Ga. App.* 266 (3) (143 S. E. 613), and cit.; *Smith* v. *State,* 47 *Ga. App.* 797, 802 (171 S. E. 578), and cit. From the circumstances of the case proved by the State there can be no doubt that there was prima facie proof of a conspiracy between the defendant and the two other men present at the time of the burglary to burglarize the Cochran Provision Company, and the court's charge on the law relating to criminal conspiracy was not without evidence to authorize it.

The trial court did not err in denying the motion for a new trial for any reason assigned.

Judgment affirmed. *Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 5, 1956.

*Joe W. Rowland, J. Roy Rowland,* for plaintiff in error.
*W. W. Larsen, Solicitor-General,* contra.