## A92A2043. THE STATE v. MEREDITH.

(425 SE2d 681)

McMURRAY, Presiding Judge.

Via accusation, filed in the Superior Court of Pike County on April 3, 1991, Stephen Troy Meredith was accused of driving a motor vehicle while under the influence of alcohol, driving a motor vehicle with an unlawful blood alcohol level, and driving a motor vehicle with a suspended driver's license. The accusation alleged that these offenses occurred on December 18, 1988. It went on to allege that "from August 11, 1989 to February 1990, [the offenses were] on appeal from the Probate Court of Pike County to the Superior Court of Pike County, and said appeal having been denied on February 20, 1990 and returned to said Probate Court and subsequently transferred to the Superior Court of Pike County on February 8, 1991."

Defendant filed a plea in bar on the ground that the offenses in question occurred more than two years prior to the filing of the accusation. The court granted the plea in bar and the State appeals. *Held*:

OCGA § 17-3-1 (d) provides: "Prosecution for misdemeanors must be commenced within two years after the commission of the crime." Obviously, the April 3, 1991, accusation was not brought within two years after the commission of the December 18, 1988, offenses. Accordingly, the prosecution was barred.

The State contends this case falls within an exception to the statute of limitation. We disagree. "[T]he burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case properly falls within the exception. *Williams v. State*, 13 Ga. App. 338 (79 SE 207) (1913)." *State v. Tuzman*, 145 Ga. App. 481, 483 (3), 484 (243 SE2d 675). The State failed to prove that this case falls within any of the statutory exceptions to the limitation on prosecutions. See OCGA § 17-3-2. "[T]he pendency of an appeal is not among the exceptions provided by OCGA § 17-3-2 to the running of the period of limitation provided by OCGA § 17-3-1. . . ." *Duncan v. State*, 193 Ga. App. 793, 794 (389 SE2d 365).

The State contends that defendant was given three traffic citations when the offenses were committed, that the arresting officer signed the "arresting officers certification," under oath, within the limitations period and that, therefore, the prosecution was not barred. We need not address this contention because it does not appear to have been raised in the superior court. *Powell v. State*, 171 Ga. App. 876, 879 (2), 880 (321 SE2d 745); *Craig v. State*, 130 Ga. App. 689, 690 (3) (204 SE2d 307); *Lundy v. State*, 119 Ga. App. 585, 586 (1), 587 (168 SE2d 199); *Nix v. State*, 94 Ga. App. 141 (2) (93 SE2d 783). The appellant has the burden of showing error affirmatively by the record and the burden is not discharged by mere recitations in the

brief. *Whisenhunt v. State*, 156 Ga. App. 583 (275 SE2d 82).

*Judgment affirmed. Cooper, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1992.

*W. Fletcher Sams, District Attorney, Tarey B. Schell, Assistant District Attorney*, for appellant.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Patricia A. Buttaro*, for appellee.