A08A2419. THE STATE v. ROBINS et al.

(674 SE2d 615)

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of defendants Mark Robins, Jeff Martin, Arthur Smith, John Kelly, Jr., Sharon Lincoln, and Vanessa Smith's plea in bar to their prosecution. The court found that the statute of limitation had run on the charges brought against defendants and the State had not carried its burden of proving that the statute was tolled. We agree and affirm.

The charges against the five defendants were conspiracy to defraud the State, OCGA § 16-10-21, and four counts of conspiracy in restraint of free and open competition, OCGA § 16-10-22. The statute of limitation for the charged crimes was four years. See

---

OCGA § 17-3-1 (c). The last act alleged in the indictment to be in furtherance of any conspiracy was March 18, 2002. Accordingly, the statute of limitation would have run on these crimes by March 17, 2006.

The defendants were indicted on April 5, 2006. The indictment alleged that the crimes did not fall outside the statute of limitation because the crimes were unknown until April 16, 2002. See OCGA § 17-3-2 (2) which provides: "The period within which a prosecution must be commenced under Code Section 17-3-1 or other applicable statute does not include any period in which: . . . (2) The person committing the crime is unknown or the crime is unknown."

The indictment alleged that Mark Robins, the section supervisor for the Internal Administration of the Department of Revenue, conspired with the other defendants in a pattern of bid rigging. Robins was responsible for soliciting bids and ordering supplies for the Department of Revenue. It was alleged that Robins awarded bids and contracts to companies in which he had an interest or which were owned by friends or relatives. Specifically, the indictment charged that Robins "would get bids from other companies and then advise his 'companies' of the competing bids to allow them to bid lower. He would also fabricate competing bids from his 'companies' and thereby award the contract to one of his 'companies' to his own benefit."

The State argued that the statute of limitation was tolled because it did not know about the conspiracy until April 16, 2002. The lead investigator for the Department testified that his chief investigator called him on April 16, 2002, and asked him to investigate one of the vendors that the State was using. The chief investigator testified that the investigation was triggered by a reporter from Channel 5 requesting information under the Open Records Act on some of the companies from which the Department was buying office supplies.

After several hearings, the trial court granted the plea in bar. The court found that Lannie Greene, Robins's supervisor, was required to approve all of the invoices in question. Accordingly, Robins's actions were known to Greene and that knowledge could be imputed to the State. The court also pointed to the testimony of Michelle Drake, a former vendor for the DOR, who stated that information about this case was given to the GBI as early as January or February 2002. Finally, the court found that the State introduced no evidence as to when the reporter from Channel 5 first requested information on the contracts and companies. Accordingly, the court held that the State had failed to carry its burden of proof on the tolling of the statute. This appeal followed.

The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the issue of laws. *United States v. Watford*, 468 F3d 891, 908 (6th Cir. 2006). As this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts. *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000).

*State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008).

The law is that "criminal limitations statutes are to be liberally interpreted in favor of repose." (Punctuation omitted.) *Toussie v. United States*, 397 U. S. 112, 115 (90 SC 858, 25 LE2d 156) (1970). "The burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case properly falls within the exception." *State v. Meredith*, 206 Ga. App. 562 (425 SE2d 681) (1992).

1. The State argues that the trial court erred when it determined that Greene knew about the scheme. The State points to Greene's testimony that although he signed all the vouchers and invoices, he did not know anything about the companies that Robins was using for goods and services and did not know any of the defendants other than Robins. Greene said that the first time he became aware of the problem was the week of April 15, 2002, when he talked to the assistant to the commissioner and to the procurement officer who showed him invoices and told him "you've got a problem out there dealing with Mark Robins and these invoices."

The State points out that the test is whether the State had actual knowledge, not constructive knowledge, of the crime. See *Beasley v. State*, 244 Ga. App. 836, 838-839 (536 SE2d 825) (2000) (State is not held to a "should have known" standard). We agree. But in *Holloman v. State*, 133 Ga. App. 275, 280 (211 SE2d 312) (1974), the court held that lack of knowledge of the illegality of the act was not sufficient to toll the limitation period, but rather there must be lack of knowledge of the act itself. Id.

In any event, there was other evidence sufficient to support the trial court's finding that Greene was aware of the illegal activities. Patrina Singletary, Greene's procurement coordinator, testified that defendant Jeff Martin was the brother of Lisa Martin, who was Greene's secretary and Robins's wife. Singletary said that Greene bought a copier from Martin and when she gave Greene Martin's invoice to sign for approval, Greene told her to split the invoice into

two separate invoices so that each would be under $2,500.[1] Singletary also testified that Greene knew who these vendors were, that he told her to change invoice order numbers so that they would not be sequential, instructed her to alter documents, and also told her to break orders down to ensure that they were under $2,500.

Moreover, we note that in its brief on appeal, the State omits entirely any mention of Singletary's testimony. Accordingly, it cannot attempt to support this enumeration of error because it ignores the very evidence upon which the trial court based its finding. This enumeration of error is without merit.

2. In addition, the trial court correctly found that the State never introduced any evidence as to when Channel 5 first requested information about the alleged illegal activities. The State never submitted the open records request from Dale Russell upon which it relied. The only evidence in the record is testimony from State employees that they began their investigation on April 16, 2002, *after* receiving the open records request.

One investigator testified that the procurement director came to him in early to mid-April and asked him to investigate two companies in light of an open records request from Channel 5. Greene testified that when the procurement officer and assistant to the commissioner told him about the investigation, he did not remember being told that it was the result of a call from an investigative reporter. He stated that during the conversation they said that Dale Russell from Channel 5 had called. Greene said that he did not know when the call from Dale Russell was made.

Because the State claimed it had no knowledge of the crimes until it received a request under the open records act, and because the State also claimed that the statute of limitation was tolled until that request was made, the State had the burden of proving the time of that request. See *Meredith*, supra. It did not do so.

Therefore, for any and all of the reasons stated above, the trial court correctly held that the State did not carry its burden of proof on its claim that the statute of limitation was tolled. Accordingly, the trial court did not err in granting defendants' plea in bar.

*Judgment affirmed. Bernes and Doyle, JJ., concur.*

DECIDED FEBRUARY 16, 2009 —
RECONSIDERATION DENIED MARCH 5, 2009.

---

[1] It appears that the invoice splitting was done because it was not necessary to seek bids for purchases under $2,500.

*Thurbert E. Baker, Attorney General, Daniel A. Hiatt, Assistant Attorney General, Jewel C. Scott*, for appellant.

*Kam & Ebersbach, Michael G. Kam, Emily C. Gross, Terance Madden, Millard B. Morgan, Colin E. McDonald, Daniel F. Ashley, Fred A. Zimmerman*, for appellees.