**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 30, 2013

# In the Court of Appeals of Georgia

A13A0252. THE STATE v. MULLINS et al.

MILLER, Judge.

Jacqueline Mullins and her husband Terrell Mullins filed a plea in bar asserting that their indictment for theft was barred by the applicable four-year statute of limitation under OCGA § 17-3-1 (c). The trial court granted the plea in bar and the State appeals. The State contends that the trial court erred in applying OCGA § 17-3-1 (c) instead of OCGA § 17-3-2.2, which the State argues creates a 15-year statute of limitation when the victim is over the age of 65. For the following reasons, we affirm.

On appeal from the grant or denial of a plea in bar, "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented [as here,] we review de novo the trial court's application of the law to the undisputed facts." (Punctuation and footnote omitted.) *Barlowe v. State*, 286 Ga. App. 133 (648

SE2d 471) (2007). "The State has the burden of proving that the case is not barred by the statute of limitation." (Citations and punctuation omitted.) *State v. Bair*, 303 Ga. App. 183 (692 SE2d 806) (2010).

The following facts are not disputed. On May 17, 2010, the Grand Jury of Peach County returned Indictment No. 10-CR-054 against the Mullinses, alleging one count of theft by taking in that they, "on or about the 19th day of January, 2005 through the 25th day of October, in the year 2006, . . . , did then and there take a certain check and draft in the amount of $98,480.68, . . ., the property of Gladys Griggs, with the intent to deprive the owner of that property."

On May 14, 2012, Indictment No. Cr. 12-CR-418 was returned by the grand jury, alleging three counts each of theft by taking and theft by deception from Griggs against the Mullinses, which were alleged to have occurred on January 18, 2005, January 27, 2005, and June 7, 2005. Two of the counts of this indictment alleged that the victim, Terrell Mullins's mother, was more than 65 years old. Prior to the return of the 2012 indictment, a nolle prosequi of the 2010 indictment was approved by the trial court.

The Mullinses then filed their plea in bar, contending that the 2012 indictment was barred by the four-year statute of limitation set forth in OCGA § 17-3-1 (c), and

2

that the running of that statute had not been tolled pursuant to OCGA § 17-3-2 or OCGA § 17-3-2.2.

In a thorough and well-reasoned order, the trial court granted the plea in bar and this appeal ensued.

1. In its first enumeration, the State argues that the trial court erred in concluding that OCGA § 17-3-1 applied and that OCGA § 17-3-2.2 was a statute of repose and did not create a 15-year statute of limitation for crimes against victims over the age of 65. We disagree.

OCGA § 17-3-1 (c) provides, in pertinent part, that "[e]xcept as otherwise provided in Code Section 17-3-2.1 [crimes against victims under the age of 16 years], prosecution for felonies . . . shall be commenced within four years after the commission of the crime."

OCGA § 17-3-2, as relevant here, excludes from computation of statutes of limitation periods when the accused is not a resident of this state or the perpetrator or crime is unknown.

OCGA § 17-3-2.2 states that

*[i]n addition to any periods excluded pursuant to Code Section 17-3-2, if the victim is a person who is 65 years of older, the applicable period*

3

*within which a prosecution must be commenced under Code Section 17-3-1 or other applicable statute shall not begin to run until the violation is reported to or discovered by a law enforcement agency, prosecuting attorney, or other governmental agency*, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the appropriate prosecuting attorney. *Except for prosecutions for crimes for which the law provides a statute of limitations longer than 15 years, prosecution shall not commence more than 15 years after the commission of the crime.*

(Emphasis supplied.)

The State's argument that the statutory history supports its theory that it was meant to be a statute of limitation is belied by the discussion of this history in *Harper v. State*, ___ Ga. ___ , 2013 Ga. LEXIS 145 (Case No. S12A1508, issued February 18, 2013). There, charges were brought against three men alleging violations of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act and ten counts of theft from Glock, Inc., Gaston Glock, who was over 65 years old, and other Glock entities. *Harper*, supra, pp. 1 - 7*. Regarding the denial of the appellants' demurrers, pleas in bar, and motions to dismiss, the Supreme Court stated that

[c]rucial to analyzing the issues in this case is an understanding of the various statutes of limitation in question. Generally, . . . prosecution for charges specified in Counts Two through Eleven of the indictment

4

[theft, OCGA §§ 16-8-2 & 16-8-3] must be commenced within four years of the commission of those crimes. OCGA § 17-3-1 (c) . . . . *[L]imitation periods for prosecutions are tolled under OCGA § 17-3-2.2 'if the victim is a person who is 65 years of age or older, . . . until the violation is reported to or discovered by a law enforcement agency, prosecuting attorney, or other governmental agency . . . .'*

(Footnotes omitted and emphasis supplied.) *Harper*, supra, pp. 3 - 7\*.

Therefore, the trial court correctly concluded that the four-year statute of limitation contained in OCGA § 17-3-1 (c) was applicable and that the State had failed to plead and prove that the tolling provisions of OCGA § 17-3-2.2 had been triggered. Consequently, the trial court did not err in granting the Mullinses' plea in bar.

2. Based on our holding in Division 1, we need not further address the State's second or third enumerations of error.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*