**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 26, 2015**

# In the Court of Appeals of Georgia

A15A0035. THE STATE v. BRAGG

MILLER, Judge.

Becky Sheree Bragg filed a plea in bar asserting that her indictment for violating Georgia's Employment Security Law (OCGA § 34-8-256 (a)) was barred by the applicable four-year statute of limitation under OCGA § 17-3-1 (c). The trial court granted Bragg's plea in bar, and the State appeals. The State contends that the statute of limitation was tolled under OCGA § 17-3-2 (2) for the period of time in which the crime was unknown. For the following reasons, we affirm.

"When reviewing a trial court's ruling on a plea in bar, the trial court's findings on disputed facts and witness credibility are affirmed unless those findings are clearly erroneous." (Citation omitted.) *Harper v. State*, 292 Ga. 557, 563 (3) (738 SE2d 584) (2013). We review the trial court's application of law to undisputed facts de novo,

keeping in mind that the State has the burden of proving that the statute of limitation does not bar the indictment. *State v. Mullins*, 321 Ga. App. 671 (742 SE2d 490) (2013).

So viewed, the evidence shows that the Georgia Department of Labor (the "DOL") maintains two separate computer databases which store personal information. One database stores information on claimants who receive unemployment benefits, and the other stores information on working employees' earned wages as reported by their employers for tax purposes. Personal information in both databases includes the relevant individual's social security numbers. The two databases are compared on a quarterly basis using a "skip trace" automated computer program.

The skip trace program compares the information in the earned wages database with the information in the unemployment benefits database and identifies individuals whose social security number appears in both databases for the same quarterly period. The DOL then sends a quarterly wage audit inquiry letter to each individual's employer, asking the employer to verify whether the individual has been working while receiving unemployment benefits.[1]

---

[1] Specifically, the DOL asks the employer to verify the claimant's name and social security number against payroll records, show the claimant's gross wages on

2

In this case, Bragg received unemployment benefits in 2009. On or before January 21, 2010, Bragg was identified in the DOL's system and the DOL sent Bragg's employer a quarterly wage audit inquiry letter because the system showed that she had been working while receiving unemployment benefits. Bragg may have been identified in the DOL's system as early as January 1, 2010. On February 2, 2010, the DOL received a response from Bragg's employer stating that Bragg was employed from December 29, 2008 to September 23, 2009, and that she earned more than $7,000 during this time period. Consequently, Bragg received unemployment benefits while she was employed. The State, however, waited until January 7, 2014 to charge Bragg with violating the Georgia Employment Security Law for knowingly failing to disclose that she was gainfully employed between January 3, 2009 and September 5, 2009, while she was receiving unemployment benefits in excess of $4,000.

On March 13, 2014, Bragg filed her plea in bar, based on the running of the four-year statute of limitation set forth in OCGA § 17-3-1 (c). Following an

a weekly basis and enter the dates during which the claimant was employed.

evidentiary hearing, the trial court granted Bragg's plea in bar, and this appeal ensued.

1. As an initial matter, we note that the State's brief in this case violates numerous rules of this Court. The brief was untimely filed more than 35 days after this appeal was docketed in violation of Court of Appeals Rule 23 (a). Additionally, the State's brief contains no statement of jurisdiction as required by Court of Appeals Rule 22 (b); the State has failed to file or include in its brief an enumeration of errors as required by OCGA § 5-6-40 and Court of Appeals Rule 25 (a) (2); and the State's brief does not include a concise statement of the applicable standard of review as required by Court of Appeals Rule 25 (a) (3).

This Court could dismiss the State's appeal for violation of this Court's rules, including its failure to file a timely brief. Nevertheless, we exercise our discretion to reach the merits of this case and we address the State's arguments to the extent they are apparent from the notice of appeal, the record and the State's brief. See *State v. Madison*, 311 Ga. App. 31, 32 (1) (714 SE2d 714) (2011) (reaching the merits of the case although the State failed to include enumerations of error in its brief).

4

2. The State argues that pursuant to OCGA § 17-3-2 (2), the trial court erred in granting Bragg's plea in bar because the statute of limitation was tolled until February 2, 2010, when the DOL received a response from Bragg's employer confirming her wages. We disagree.

> In deciding when the statute of limitation begins to run in a given case several considerations guide our decision. The purpose of a statute of limitation is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. As a general rule, exceptions will not be implied to statutes of limitation for criminal offenses, and ordinarily the running of such a statute is not interrupted unless it contains an exception or condition that will toll its operation.

(Citation and punctuation omitted.) *Womack v. State*, 260 Ga. 21, 22-23 (4) (389 SE2d 240) (1990).

Pursuant to OCGA § 17-3-1 (c), the State was required to commence the prosecution of its case against Bragg within four years after she violated Georgia's Employment Security Law (OCGA § 34-8-256 (a)). Since the charging instrument –

5

Bragg's indictment – was filed outside of the four-year limitation period, Bragg's prosecution for this crime is barred, unless the State proves that OCGA § 17-3-2 (2) – the tolling provision alleged in her indictment – tolled the limitation period. See *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996) (exception to statute of limitation must be alleged in indictment and proved by State); *Mullins*, supra, 321 Ga. App. at 673 (1) (State must plead and prove that tolling provision applies).

OCGA § 17-3-2 (2) provides that "[t]he period within which a prosecution must be commenced . . . does not include any period in which . . . the crime is unknown[.]" The crime victim's actual knowledge of the crime, however, is imputed to the State for purposes of determining whether the tolling provision applies. See *Harper*, supra, 292 Ga. at 559. Moreover, the victim's "lack of knowledge of the *illegality* of the act [is] not sufficient to toll the limitation period, but rather there must be lack of knowledge of the act itself." (Citation omitted, emphasis supplied.) *State v. Robins*, 296 Ga. App. 437, 439 (1) (674 SE2d 615) (2009). Accordingly, in analyzing the statute of limitation, the correct date to apply is the date that the defendant's act or actions became known to the victim. *Harper*, supra, 292 Ga. at 563 (3); *Robins*, supra, 296 Ga. App. at 439 (1).

The state alleged in Bragg's indictment, and it argues on appeal, that the crime was unknown to it until February 2, 2010, when the DOL received a response from Bragg's employer confirming her wages. Contrary to the State's argument, the evidence showed that the victim, in this instance, the DOL, had actual knowledge of Bragg's actions – collecting unemployment benefits while she was employed – when Bragg was identified by the DOL's system, which occurred as early as January 1, 2010.

We also reject the State's argument that neither the DOL, nor the State, could confirm that a crime had been committed until the DOL received the response from Bragg's employer. As set forth above, the DOL's lack of knowledge that Bragg was *illegally* collecting unemployment benefits while employed is not sufficient to toll the limitation period. See *Robins*, supra, 296 Ga. App. at 439 (1). Moreover, the tolling exception to the statute of limitation cannot be based upon the subjective opinion of the DOL or the State as to whether there is enough evidence to file charges because the statute of limitation is not tolled for the routine investigation of crimes. See *Jenkins v. State*, 278 Ga. 598, 603 (1) (A) (604 SE2d 789) (2004).

The DOL admittedly had actual knowledge of Bragg's actions as early as January 1, 2010, when its system identified her as having collected unemployment benefits while she was employed. The statute of limitation began to run on January 1, 2010. The State failed to prove that the limitation period was tolled since the evidence established that the State had knowledge of the illegality and failed to bring charges timely. *See Mullins*, supra, 321 Ga. App. at 673. Accordingly, the trial court did not err in granting Bragg's plea in bar.

*Judgment affirmed. Branch, J. concurs. Andrews, P. J. concurs in judgment only.*