H. KARWISCH, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF ATLANTA, defendant in error.

Where by the petition for *certiorari*, it appeared that the petitioner was convicted before the Mayor and Council of the city of Atlanta, for a violation of the city ordinance against dealers keeping open doors on Sunday, and the proof showed that six or seven persons had gone into the store-house of petitioner upon Sunday, through the back door, and that he was a dealer in liquors and cigars, etc., and the Court refused to sanction the writ:

Karwisch *vs.* The Mayor and Council of Atlanta.

*Held,* That this was not error in the Court. The Christian Sabbath is a civil institution older than our government, and respected as a day of rest by our Constitution; and the regulation of its observance as a civil institution, is within the power of the Legislature, as much as any regulations and laws having for their object the preservation of good morals, and the peace and good order of society: 33 Barbour, 543; 1 Speers, 305. And it is within the right of the city of Atlanta to punish keeping open doors by dealers generally, in the limits of the city upon Sunday, for the purpose of *preventing* the violation of the State laws, as well as preserving the public respect for the Lord's day.

Municipal Corporations. Criminal Law. Sabbath day. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

For the facts, see the opinion.

HENRY JACKSON & BROTHER, for plaintiff in error. Keeping open tippling houses on Sabbath is offense against State, and city cannot punish for it. R. Code, secs. 4493, 4461. Mere change of name affects nothing; 21 Ga. R., 80; 35th, 147; 14th, 8.

W. T. NEWMAN, city attorney, by Z. D. HARRISON, for defendants. Mayor and Council had authority to pass ordinance requiring doors closed on Sunday: City Code, secs. 13, 35, 36, 49, 78; Acts of 1859–63. Even if a crime, special circumstances may give city jurisdiction: 21 Ga. R., 86. City may have *limited* right to punish *crimes:* 28 N. Y. R., 605; 30 Ill. R., 459; 31st, 88 and 499; 31 Barb., N. Y. R., 282.

LOCHRANE, Chief Justice.

This case comes before this Court on the refusal of the Court below to grant a *certiorari.* The petition shows that the plaintiff in error was tried by the Mayor and Council of the city of Atlanta, for the offense of keeping open doors, as a dealer in liquor, cigars, etc., on Sunday. The evidence introduced was of certain parties who testified, that, on Sun-

day, the 23d day of April, 1871, they went into petitioner's house, through the back door, and went into a room in the rear of the house, when, at the invitation of the owner, the plaintiff in error, they drank some water, some lager beer and other mixed drinks. The party consisted of six or seven. They swore nothing was paid and nothing demanded. The business was proven, and the fact that a high fence surrounded the back part of the store, and that the party resided at the place. The Court convicted him and the Judge refused the *certiorari*.

The question in this case, ingeniously presented by our brother Jackson, is, that the municipal authorities have no power to prevent a citizen from keeping open his door on the Sabbath day, if he keeps a tippling shop. The State law forbids keeping open tippling houses on that day, and the city has no jurisdiction over the offense. This is clearly true. The ordinance of the city, under which this conviction was had, recognizes the fact, and so ordains, "that the Mayor and Council may not punish for violating the State laws on the Sabbath day." This ordinance, it is argued, does that expressly prohibited in this case, by a change of name. In other words, the charge is, keeping open a house where liquors and cigars are sold, on the Sabbath day, and that this is, in effect, punishing for a violation of the State laws as to the Sabbath day. The purpose of the ordinance is to prevent any dealer in any commodity or thing, from keeping open doors on Sunday. And the case is, in law, as if this party kept a store of toys or candies, or boots and shoes. And the offense consists in keeping the doors open on the Sabbath day. Taking this case, as we must, under the ordinance, the party's drinking has nothing to do with it, and his keeping liquors has nothing to do with it. The question solely is, first, whether the City Council have the power to pass an ordinance prohibiting a man, in any business, as a dealer, from keeping his store open on Sunday? and if so, does the proof in this case show it has been done?

The power is collected from the general powers delegated to maintain the good order and government of the city. The power is a very high prerogative, and is supported by the principle involved in the preservation of the *morals* and *duties* of the citizens upon the Lord's day. The State law prohibits the dealer from pursuing his ordinary calling upon the Sabbath day—Code, section 4493—and therefore as section 4461 of the Code provides, "any person who shall be guilty of keeping open tippling houses on the Sabbath day or Sabbath night shall, on conviction, be punished, etc.;" and as the city may not pass an ordinance upon the violation of the Sabbath day, punished by State laws—and both the acts are covered; we are driven to the proposition whether the opening or keeping open the door of a store is an offense or an act capable of being legislated into crime. It is said that inasmuch as he lived in the store he had the right to keep the door open, and as the charge under the jurisdiction of the city is confined to keeping open, that the facts show he is innocent of any crime. The intention with which the door was kept open has been passed upon by the Mayor and Council, and we do not propose to review the decision upon that ground. Nor do we purpose to enter upon the evidence to ascertain if he has been guilty of a higher offense than that charged, to-wit: keeping open a tippling house on the Sabbath day. We understand this question to arise upon the right of the city to punish the keeping open doors by dealers generally, in the limits of the city, upon Sunday, for the purpose of preserving the public respect for the Lord's day, as far as power can compel its outward observance. And in this view of the corporate powers, we think it is competent for the city, by its ordinances, to compel all dealers to keep the doors of their houses of business shut on the Sabbath. This in itself constitutes an offense. It may not be a tippling shop or it may. The party may not be engaged in his ordinary calling, or he may. The ordinance leaves his guilt on these matters to the State laws, but punishes the keeping of

Karwisch *vs.* The Mayor and Council of Atlanta.

such stores open as an act independent of the violation of the State laws or Sunday statutes. The ordinance is to protect the people against the violation of the State laws. In Canton *vs.* Nist, 9th Ohio, (N. S.,) 439, a municipal ordinance ordering all shops to be closed on Sunday, except druggists, so far as employed in putting up prescriptions, *and* not excepting all kept open for charity and those kept by conscientious Jews, was held to be invalid."

We do not think that the ordinance against dealers keeping open doors on Sunday can be regarded as affecting conscience or enforcing any religious observance. The law fixes the day recognized as the Sabbath day all over Christendom, and that day, by Divine injunction, is to be kept holy—" on it thou shalt do no work." The Christian Sabbath is a civil institution, older than our government, and respected as a day of rest by our Constitution, and the regulation of its observance as a civil institution has always been considered to be, and is, within the power of the Legislature as much as any regulations and laws, having for their object the preservation of good morals and the peace and good order of society. 33 Barb., 548.

And in the furtherance of the rest and freedom from unallowed worldly employment ordained by the Sabbath, it was held that the 2d section of the South Carolina Act of 1837, prohibiting the keeping open any store, etc., on the Sabbath day, was a Constitutional act, and indictment sustained upon it: 1 Speers, 305. We hold that the city, by its grant of powers from the Legislature, had the right to pass the ordinance in question, and therefore affirm the judgment of the Court below.

Judgment affirmed.