BROOKS, sheriff, *v.* RAIDEN, administrator, *et al.*

1. Points made in a bill of exceptions but not argued in the Supreme Court will be treated as having been abandoned.
2. Points not made in the bill of exceptions can not, though argued in the brief of the plaintiff in error, be considered by the Supreme Court.
3. Equity will enjoin an action against an administrator upon a forthcoming bond given by his intestate, when the petition makes a case for marshaling the assets of the estate and alleges facts showing that a complete defense at law can not be set up.

Submitted March 2, — Decided March 26, 1901.

Injunction.　　Before Judge Reese.　　Madison superior court. September 7, 1900.

*John J. Strickland,* for plaintiff.
*B. T. Moseley* and *D. W. Meadow,* for defendant.

FISH, J.　1. It has been repeatedly ruled that points presented in a record but not insisted on in this court will be considered as having been abandoned. *Brown* v. *Social Circle,* 103 *Ga.* 573; *Sanders Mfg. Co.* v. *Bank,* 110 *Ga.* 559, and cases cited; *Ballard* v. *Shaw,* Ib. 265; *Cooper* v. *Stonecypher,* 111 *Ga.* 818; *Moss* v. *Bohannon,* Ib. 871. The present case was submitted by brief, and there was no insistence therein that the petition for injunction came too late; hence the point will not be considered.

2. This court can not decide a question unless it be presented by the bill of exceptions. *Durham* v. *Cantrell,* 103 *Ga.* 166 (2). There was, in the bill of exceptions in the present case, no assignment of error upon the granting of the injunction, on the grounds that the defendant below did not have sufficient notice of the application therefor, or that he was denied the opportunity of being heard thereon. The point, therefore, can not be dealt with, although made in the brief of counsel for plaintiff in error.

3. G. W. B. Raiden, as administrator of the estate of J. H. Mathews, deceased, filed a petition to marshal the assets, for direction, and to enjoin the creditors of the estate from prosecuting suits against him as administrator. Among such creditors was Brooks, the plaintiff in error, who had instituted a suit upon a forthcoming bond against Mathews and his sureties thereon, in his lifetime, to which action Raiden, as administrator, had been made a party defendant. after the death of Mathews. The petition in the present case alleged,

in substance, that the estate of Mathews was insolvent; that there were many conflicting and complicated claims against it, some of them of doubtful validity; that the administrator could not, with safety to himself, administer the assets without the direction of the court; that many suits had been brought and others threatened to be instituted against the administrator, and that the estate would be put to great costs and expense in defending them, unless the creditors should be enjoined from prosecuting them, and the rights of all parties settled by a decree in the case brought by the administrator. It is true that some of the allegations were quite general, but there was no demurrer. The court granted an interlocutory injunction, and subsequently overruled Brooks's motion to vacate the same; to all of which Brooks excepted. We think the petition made a case for marshaling the assets of the estate, and showed that the administrator had no complete defense at law. There was no error in the rulings of which complaint is made.

*Judgment affirmed. All the Justices concurring.*