HOOD *v.* MAYOR AND COUNCIL OF GRIFFIN.

1. Questions not made in the record can not be considered by this court, although presented in the brief and urged in the argument of counsel for the plaintiff in error.

2. Where a municipal ordinance declared that " It shall be unlawful for any person . . to keep for sale, barter, or exchange, any spirituous, malt, or vinous liquors within the corporate limits of " a named city, and prescribed a penalty for the violation of the same, and the warrant upon which an accused person was tried in the municipal court alleged that he, upon a day named, did in such city keep for sale a quantity of spirituous liquors, there was no merit in the point that the accused was charged with no offense, nor in the contention that, if any offense was charged, it was the violation of a penal statute of the State.

3. The evidence authorized the judgment of guilty.

Argued March 18, — Decided March 27, 1901.

Certiorari. Before Judge Reagan. Spalding superior court. January 24, 1901.

*T. W. Thurman* and *T. E. Patterson,* for plaintiff in error.
*W. E. H. Searcy Jr.,* contra.

FISH, J. D. T. Hood was convicted in the criminal court of Griffin for violating a city ordinance. He carried the case by certiorari to the superior court, where the certiorari was overruled, and he thereupon excepted. The ordinance which he was convicted of violating declared: " It shall be unlawful for any person . .
to keep for sale, barter, or exchange, any spirituous, malt, or vinous liquors within the corporate limits of the City of Griffin," the penalty for a violation of the ordinance being a fine not to exceed one hundred dollars, or imprisonment in the chain-gang for a term not exceeding sixty days, either or both in the discretion of the court. The affidavit and warrant upon which the accused was tried charged, " that the said D. T. Hood did on the 16th day of November, 1898, in the city of Griffin, keep for sale a quantity of spirituous liquors." The accused filed a general and a special demurrer, both of which were overruled by the court. The petition for certiorari alleged error in overruling the demurrers, and that the judgment of guilty was contrary to the law and the evidence. The only points insisted upon here by counsel for the plaintiff in error, in his brief and in his oral argument, are : that the ordinance is unconstitutional, because it makes penal the keeping for sale by any person, within the

corporate limits of the City of Griffin, of domestic wine, when there is a general law of force in this State (Acts 1877, p. 33), rendering lawful the sale, in any county of the State, of domestic wine in quantities of not less than one quart, by the manufacturer of the same; that the warrant did not charge the commission of any offense; that, if the warrant charged the commission of any offense at all, it charged the violation of a public statute of which the criminal court of Griffin had no jurisdiction; and that the evidence was not sufficient to authorize the judgment of guilty.

1. The question as to the unconstitutionality of the ordinance, made in the oral argument and brief of counsel for plaintiff in error, is not presented for our determination by the record before us, it not having been made by the demurrers filed in the court below. The demurrers did allege that "the ordinance is absolutely null and void," that "the Mayor and Council of the City of Griffin had no authority to adopt an ordinance prohibiting the keeping for sale spirituous, vinous, or malt liquors within the corporate limits of the City of Griffin," and that "the said ordinance is an invalid restriction of the personal liberty of any citizen of Griffin to dispose of his domestic vinous liquors, and non-intoxicating malt liquors and spirituous liquors not intended or sold as beverages." But these allegations, whether taken separately or all together, are entirely too general to be considered as an attack upon the constitutionality of the ordinance upon the ground urged in the argument here. Nothing in the demurrers even tends to indicate why the ordinance, as alleged in one paragraph, "is absolutely null and void," unless it be because, as claimed in another paragraph, "the Mayor and Council of the City of Griffin had no authority to adopt" it, and the ground upon which it is alleged that they had no such authority is left to mere conjecture. Nor is any reason given why "the said ordinance is an invalid restriction of the personal liberty of any citizen of Griffin to dispose of his domestic vinous liquors, and non-intoxicating malt liquors and spirituous liquors not intended or sold as beverages." So far as the demurrers are concerned, we are left to grope in the dark for the ground, or grounds, upon which the validity of the ordinance was attacked. As the constitutional point was not made in the record, under the previous rulings of this court the question can not be considered. *Durham* v. *Cantrell,* 103 *Ga.* 166; *Brooks* v. *Raiden,* 113 *Ga.* 86.

2. There is no merit in the contention that the warrant charged no offense. The ordinance in question defines an offense and provides for the punishment of those who commit it, and the warrant charged the accused with having committed this offense. This very ordinance has been decided to be valid. *Cunningham* v. *Griffin*, 107 *Ga.* 690. See also, in this connection, *Paulk* v. *Sycamore*, 104 *Ga.* 728; *Brown* v. *Social Circle*, 105 *Ga.* 834; *Papworth* v. *Fitzgerald*, 106 *Ga.* 378. Nor, under the decisions in the above-cited cases, is the ground that the warrant charged an offense against a penal statute of the State well taken. It was held in *Paulk* v. *Sycamore*, supra, that "Possession of intoxicating liquors for the purpose of selling them contrary to law is not a crime punishable under the laws of this State; and therefore it is competent for the authorities of a municipal corporation, when authorized by its charter, to adopt an ordinance declaring such possession to be an offense against the city, and to provide that the offender shall be punished for the same." This decision was followed in the other cases.

3. There was ample evidence to authorize the judgment of guilty, and there was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concurring.*