## ARNHEITER *v.* THE STATE.

1. It is not, within the meaning of section 422 of the Penal Code, a work of "necessity or charity" for a butcher to sell meats to his customers on the Lord's day merely because they choose, as matter of convenience or preference, not to make their purchases on the previous day.
2. The giving of erroneous or inappropriate instructions in the trial of a criminal case affords the accused no just cause of complaint, when so doing could not in any manner have operated to his injury.

Submitted April 22, — Decided June 3, 1902.

Indictment for working on Sunday.    Before Judge Sparks. City court of Brunswick.    March 19, 1902.

*Crovatt & Whitfield* and *Ernest Dart*, for plaintiff in error.
*J. T. Colson, solicitor*, contra.

LUMPKIN, P. J.    Section 422 of the Penal Code reads as follows: "Any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor."    Arnheiter was indicted and convicted under this section.    The charge was that on a named Sabbath day he carried on the business of "running a meat market," this business being his ordinary calling, by selling meat, "said selling not being a work of necessity or charity."    The testimony of certain witnesses sworn in behalf of the State demanded a finding of the following facts: The accused was by occupation a butcher.    On divers Sundays within two years prior to the finding of the indictment, he kept his place of business open, and in his presence and with his consent his employees sold and delivered meats to customers for cash.    These customers made their purchases on the Sabbath day merely for their convenience, preferring not to buy on the day previous, because on Sunday they could obtain fresher meats.    There was nothing in any of the testimony even remotely tending to show that any particular sale of

meat was made on account of an emergency rendering it necessary
for the customer to procure meat on the Sabbath day. The accused
introduced no testimony, but relied solely upon a statement in
which he positively asserted that he had not himself sold any meats
on Sunday, and was not present and had no knowledge of any
sales on the Sabbath day which may have been made by his em-
ployees. He further stated that if there were any such sales, they
were without his knowledge or consent. A verdict of guilty was
returned by the jury, and Arnheiter is here complaining of a judg-
ment overruling his motion for a new trial, in which he assigned
error on certain instructions given to the jury, and attacked the
verdict on the ground that it was contrary to the evidence.

The court charged, in substance, that, inasmuch as the accused
denied having made either directly or indirectly any sales of meat
on the Lord's day, the State was not required to show that the par-
ticular sales referred to in the testimony of its witnesses were not
works either of necessity or of charity; and further, that before
the accused would be authorized to set up the defense that "the
sale or the pursuing of the business was a work of necessity or
charity," he must admit the doing of the act charged against
him in the indictment. We can not uphold these instructions as
correct propositions of law. It is, in every prosecution based upon
the above-cited section of the code, incumbent on the State to al-
lege and prove that the acts done by the accused in the course of
his ordinary calling were not works of necessity or charity; and the
accused does not, by a denial that he did these acts on the Sabbath
day, relieve the State of the burden of proving its charge as laid.
We do not, however, think the erroneous instructions just referred
to really operated to the prejudice of the accused. As will have
been seen, the State affirmatively showed that he did carry on his
ordinary calling on the Sabbath day, and also that in doing so he
was not engaging in any work of necessity or charity. The mere
fact that his customers preferred delaying the purchase of their
meats until Sunday, in order that they might get the same fresher
than they would be if bought on Saturday and kept over night,
does not, under the statute, make a case of necessity for selling on
the Lord's day; and there is no suggestion of any charitable inten-
tion on the part of the accused, for the testimony was that he sold
for cash. It made not a particle of difference that the business was

actually conducted by the employees of the accused ; for if he was present and gave his sanction to their so doing, he was, of course, responsible for their acts. Assuming as true the statements made by the witnesses who testified in behalf of the State, the accused was, as matter of law, guilty of the offense with which he was charged. If his statement presented the real truth in regard to the matter, he was not guilty under any view of the law. The court in its charge so instructed the jury. Therefore, the only issue upon which they were called upon to pass was whether his statement was entitled to greater weight than the testimony of the State's witnesses. The erroneous instructions pointed out above did not operate otherwise than to eliminate from the consideration of the jury all question as to the necessity of the alleged sales; and this was not a hardship upon the accused, for there was no such issue involved in the case.

The motion for a new trial contains numerous other grounds presenting in different form the points disposed of above. There is no need, however, for dealing specifically with these grounds; for, so far as this branch of the case is concerned, it is absolutely controlled by what has already been said. The further complaint is made that the court gave to the jury an erroneous instruction as to how they should reconcile conflicting testimony. It is useless to inquire whether this instruction was or was not correct, there being no conflict whatever in the testimony of the State's witnesses, and the accused having introduced no evidence at all in his behalf.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*