### LOTHRIDGE v. VARNADORE.

LUMPKIN, J. 1. The charge in this case was not well arranged, and was in some respects subject to criticism; but when considered as a whole, in the light of the evidence, it does not furnish ground for a new trial.

2. Although at one time in delivering his charge the presiding judge used the word "plaintiff" instead of the word "defendant," yet this will not necessitate a new trial where the context plainly shows that it was a mere slip of the tongue, and such as was not calculated to mislead the jury. *Southern Railway Co.* v. *Merritt*, 120 *Ga.* 409 (47 S. E. 908).

3. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> JUNE 13, 1913.

Equitable petition. Before Judge Conyers. Appling superior court. March 21, 1912.

*W. W. Bennett*, for plaintiff in error.

---

### FORT-MIMS & HAYNES COMPANY v. BRANAN-AKERS COMPANY.

FISH, C. J. 1. Where a declaration has been filed in the superior court on an attachment returnable thereto, "the defendant may appear by himself or attorney at law, and make his defense at any time before final judgment is rendered against him." Civil Code, § 5104.

(a) Accordingly, the court did not err in allowing the defendants in such a case to file a proper plea at the trial term, although the case had been marked in default at the return term. See *Fincher* v. *Stanley Electric Mfg. Co.*, 127 *Ga.* 362 (56 S. E. 440).

2. The action in attachment was based upon indebtedness due on promissory notes. It appeared by agreement on the trial, while the plaintiffs were submitting evidence, that the defendants, after the filing of the declaration, had been duly adjudicated bankrupts; that in the bankruptcy proceedings the schedules of assets and liabilities were filed as required by law; that the notes held and sued on by the plaintiffs were properly scheduled among the unsecured liabilities of the defendant bankrupts; and that a discharge in bankruptcy had been duly and regularly granted to each of the defendants. *Held*, as it appeared that the indebtedness claimed by the plaintiffs was provable in bankruptcy, that the defendants were relieved from liability therefor by the discharge in bankruptcy, and a nonsuit was properly granted. Bankruptcy Act of 1898, § 17; *Beck & Gregg Hardware Co.* v. *Crum*, 127 *Ga.* 94 (3) (56 S. E. 442). *Judgment affirmed. All the Justices concur.*
> JUNE 13, 1913.

Attachment. Before Judge Ellis. Fulton superior court. May 27, 1912.

*Horton Brothers & Burress*, for plaintiffs.

*Jones & Chambers*, for defendants.