17099.   ATLANTA GAS-LIGHT COMPANY v. COOK.

1. It can not be said as a matter of law that the amount of the verdict returned for the plaintiff is excessive.  *Realty Bond & Mortgage Co.* v. *Hartley*, 19 *Ga. App.* 186 (91 S. E. 254).

2. A reading of the charge discloses that the contentions of both plaintiff and defendant were stated with fairness to each litigant, and with sufficient clearness and distinctness.  "The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon, or undue prominence given to, the former."  *Phinizy* v. *Bush*, 135 *Ga.* 678 (3) (70 S. E. 243).

3. The court correctly charged the jury that the plaintiff could not recover upon any ground of negligence not set forth by the petition.  This charge could not reasonably be said to be confusing to the jury by reason of the fact that the court had previously eliminated from their consideration certain specific grounds of negligence.  The charge upon this subject, when construed in its entirety, must necessarily have been taken

Damages, 17 C. J. p. 1064, n. 2; p. 1077, n. 26; p. 1109, n. 68.
Negligence, 29 Cyc. p. 646, n. 57.
Trial, 38 Cyc. p. 1603, n. 59; p. 1626, n. 69; p. 1675, n. 65; p. 1694, n. 57; p. 1747, n. 71 New; p. 1778, n. 73.

to mean that the defendant could not be held liable for any negligence save the grounds set forth and not thus excluded by the charge.

4. The exception to the charge whereby the jury were instructed that they might find for the plaintiff on account of lost time, on the ground that the petition did not set forth nor did the evidence substantiate any such claim, is without merit, since the petition alleges the previous earning capacity of the plaintiff, and that his earning capacity was totally destroyed, and the evidence sufficiently shows that he was out of employment for a fixed period of at least eight weeks. *N., C. & St. L. Ry. Co. v. Miller*, 120 *Ga.* 453 (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210).

5. The ruling in *Hinson* v. *Hooks*, 27 *Ga. App.* 430 (108 S. E. 822), to the effect that it might amount to reversible error, in charging the provisions of the Civil Code, § 5732, to fail to include in the charge the provision that "the jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number," could in no event have application here, since the number of witnesses to the accident introduced on behalf of the plaintiff and on behalf of the defendant were the same.

6. Exception is taken to the failure of the court, on its own motion, to call especial attention to the documentary evidence introduced by the defendant. The only writing introduced by the defendant consisted of a diagram showing the location where the accident occurred; and the court did instruct the jury, that, "in considering the question as to whether the plaintiff was negligent, you may consider all of the surrounding facts and circumstances as shown by the evidence. Likewise, in considering whether the conduct of the driver of the defendant's truck was negligence, you may consider all the facts and circumstances." There was nothing in the charge which might be construed as limiting the evidence entitled to be considered to oral testimony, and the record shows that the diagram referred to had been explained in detail by a witness for the defendant. While it has been held that where material physical evidence was introduced upon the trial, an instruction by the court to the jury, that "the evidence from which you must determine the facts must be presented from the lips of the witnesses who have been sworn and who have testified in the case," was error (*Middleton* v. *State*, 29 *Ga. App.* 375, 115 S. E. 277; *English* v. *Poole*, 31 *Ga. App.* 581 (5), 121 S. E. 589), no such charge of limitation is here complained of. In point of fact the charge as actually given did not exclude, but was broad enough to include, all of the evidence, including the diagram; and in the absence of any request so to do, the mere omission to call especial attention to the diagram which had been fully explained by oral testimony could not amount to reversible error.

DECIDED JULY 20, 1926.

Damages; from Fulton superior court—Judge E. D. Thomas. December 12, 1925.

*Underwood, Pomeroy & Haas,* for plaintiff in error.

*Reuben R. & Lowry Arnold,* contra.

JENKINS, P. J. The plaintiff, a police officer of the City of East Point, Georgia, while pursuing an alleged violator of the city

and State speed laws, and after following him beyond the city limits of East Point, collided with the truck of the defendant company, and thereby received serious injuries, resulting in the loss of a leg. At the time the accident occurred the plaintiff, in the uniform of a policeman, and at a distance of about a block behind the automobile he was pursuing, was, according to the evidence for plaintiff, traveling at a rate of speed of about 25 miles per hour. According to the evidence for the defendant, his speed was between fifty and sixty miles per hour. The accident occurred in the main highway leading towards Atlanta, which was paralleled on the right by a double line of street-car tracks, and at the intersection of another street from which the defendant's agent was driving his truck at a rate of speed of about five miles per hour into the main highway. At the moment of impact the driver of defendant's truck was turning to the left down the main highway towards East Point, in the direction from which the plaintiff was coming. There was evidence for the plaintiff, going to show that his approach was visible to the driver of the truck along a straight road for a distance of about 800 feet, and that when the truck reached the street-car tracks, just prior to entering upon the main highway, it appeared to slow up as if it was intended to be stopped. The plaintiff testified that he veered his motorcycle to the left for the purpose of passing the truck, but that the truck, instead of stopping, as appeared to have been indicated, quickened its speed, and by reason of this the collision occurred. The jury found for the plaintiff in the sum of $10,000.

The defendant, in its brief as the plaintiff in error, does not appear to rely or insist upon the general grounds of the motion for new trial, but does insist upon the excessiveness of the verdict. The brief sets forth as follows: "It is difficult to understand how, under the facts of the case, a verdict for the plaintiff at all could have been rendered; but having found against the defendant, it was incumbent on the jury to reduce the size of the verdict in accordance with the amount of negligence attributable to the plaintiff, and in this view of the case the verdict of $10,000 is grossly excessive and should be set aside." The grounds of negligence alleged, and which the jury were permitted under the charge to consider, were that the defendant's agent had a plain and unobstructed view of the approaching plaintiff for a distance of about

800 feet, while the latter in uniform was manifestly engaged in pursuing an escaping criminal, and negligently and without giving any warning of his intention to do so, turned from, a side street so as to come immediately in front of the approaching plaintiff, and between him and the man he was pursuing, so as to render the collision unavoidable.

*Judgment affirmed. Stephens and Bell, JJ., concur.*