## 18494. RUSHING *v.* AKINS *et al.*

CANDLER, Justice. On July 9, 1857, William Brannen executed and delivered to A. B. Riggs a deed purporting to convey a tract of land and flowage rights. The deed was recorded in Bulloch County on June 17, 1867. It was captioned "Georgia, Bulloch County," and recited that the grantor had for a consideration of $100 sold and conveyed to the grantee, his heirs and assigns, "all the land belonging to said William Brannen which the said A. B. Riggs may be able to overflow with water or damage with water by making a dam across Greate Lotts Creek at or near the Riggs bridge for the purpose of a mill, supposing said damaged land to be one hundred acres, more or less, bounded on the south side by Greate Lotts Creek and east by said A. B. Riggs land, and north and west by said Brannen's land." Soon after the deed was made, Riggs built a dam across the creek near the Riggs bridge, constructed and equipped a grist mill near the creek, and operated the mill and maintained the dam until the latter washed away in 1919. The dam was not then rebuilt. Frank Rushing purchased the Riggs Mill property and its appurtenant water rights, as well as other adjacent lands, from a successor in title of A. B. Riggs on September 8, 1947, and in 1948 rebuilt the dam at the Riggs mill site and is now maintaining it. On March 21, 1953, John L. Akins, I. C. Underwood, and Mr. and Mrs. Raymond F. Stainback, upper riparian owners of three separate tracts of land, brought an action in Bulloch County for damages and for injunctive relief against Frank Rushing. Their petition alleges the facts stated above and, in addition thereto, the following: Any right which the defendant and his predecessors in title may have had to construct and maintain a dam across Greate Lotts Creek at or near the Riggs bridge and thus thereby cause the waters of the creek to back up, overflow, flood, and, in consequence of such wrongful act, damage their separate tracts of land has, because of non-use, been abandoned and therefore lost. By overflowing, flooding and water-logging their lands, the defendant has injured them for pasture use and timber-growing purposes, and thereby depreciated their

value in a stated amount; and such wrongful act by the defendant constitutes a continuing trespass. It is also alleged that the defendant is threatening and intends to heighten his dam and thereby raise the water level so as to further damage their lands, and this wrongful act, amounting to a trespass, will be committed and consummated unless he is prohibited by injunction from doing so. There was no demurrer to the petition. The defendant's answer admits the rebuilding of the dam at the Riggs Mill site, but avers that it is no higher than the one constructed by his predecessor in title, Riggs; that it is not holding a head of water in excess of what was held by the dam originally constructed by A. B. Riggs; and that he is not illegally damaging the plaintiff's lands nor trespassing as charged in the petition. The jury found that the plaintiff Akins was entitled to recover $100; that the plaintiff Underwood was entitled to recover $200; and that the plaintiffs Stainback were entitled to recover $200. A judgment against the defendant for those separate amounts was entered, and upon the verdict as thus rendered the court also granted the permanent injunction prayed for. The defendant moved for a new trial, basing his motion on the usual general grounds, and later amending it by adding five special grounds. The amended motion was denied, and the exception is to that judgment only. *Held:*

1. Special grounds 1, 2, and 3 of the motion for new trial allege that the trial judge erred in allowing certain deeds to go in evidence, over timely objection by the defendant. These grounds do not disclose what specific objection counsel made to the admission of the documents when they were offered by the opposite party. "To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court." It is not sufficient that the evidence was admitted over objection, nor that certain reasons are stated in the motion for new trial why the evidence was not admissible. *Edenfield* v. *Brinson,* 149 *Ga.* 377 (4), 378 (100 S. E. 373); *Hardy* v. *Hardy,* 149 *Ga.* 371 (3), 374 (100 S. E. 101). Hence, these grounds of the motion present no question for decision by this court. See also *Cooper* v. *Chamblee,* 114 *Ga.* 116 (39 S. E. 917); *Braswell* v. *Palmer,* 194 *Ga.* 484, 486 (22 S. E. 2d 93); and citations.

(a) "Each ground of a motion for new trial must be complete and understandable within itself; and reference to other grounds, the brief of evidence, the charge of the court, or to other parts of the record should not be required in order to understand assignments of error." *Harrison* v. *Lovett,* 198 *Ga.* 466, 473 (31 S. E. 2d 799).

2. In his charge to the jury the judge undertook to state the principles of Code § 38-107, as to how the preponderance of evidence should be determined by the jury, but he omitted the final sentence of the section, that "the jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." Special ground 4 of the motion complains of this, and alleges that a new trial should be granted because of the omission to charge the section in its entirety, since the judge, without request, had charged a part of it. *Tucker* v. *Talmadge,* 186 *Ga.* 798 (198 S. E. 726), is cited and strongly relied on by the movant as supporting this ground of his motion, and that case holds: "When the judge undertakes to charge the law upon

a particular subject, he should charge all on the subject that is material and applicable to the case. Upon the controlling issues of this case, the claimant introduced two witnesses and the plaintiff in execution one witness. Therefore, when the court undertook to state the principles of the Code, § 38-107, as to how the preponderance of evidence should be determined, it was harmful error against the claimant to omit the final sentence of that section, that 'the jury may consider the number of the witnesses, though the preponderance is not necessarily with the greater number.'" But in the case at bar and on the controlling issues, the plaintiffs introduced seven witnesses and the defendant likewise introduced the same number. This being true, the court's omission to charge the quoted sentence of § 38-107 was harmless error and does not require a reversal of the judgment complained of. *Farmers State Bank* v. *Kelley,* 166 *Ga.* 683 (144 S. E. 258); *Atlanta Gas-Light Co.* v. *Cook,* 35 *Ga. App.* 622 (134 S. E. 198).

3. In his instruction to the jury, the judge charged: "I charge you an easement may be lost by abandonment, or forfeiture by a nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment. Now, gentlemen, abandonment is largely a question of intent which is inferable from the acts of the parties, interpreted in the light of all the surroundings. The evidence to establish a forfeiture of an easement by abandonment or nonuser must be decisive and unequivocal. The defendant in this case contends that he had a grant. I charge you where a right-of-way or other easement is created by a grant, deed or reservation, no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and the mere nonuser of such an easement for a period however long, will not amount to an abandonment. The mere fact that one does not immediately begin to exercise his right of use, under an easement, or that he delays doing so for a number of years, would not occasion a loss of the easement. His right being complete, he should not be deprived of it except by an express abandonment, or by such conduct as would be tantamount to abandonment." While conceding that the above-quoted extract is an abstractly correct principle of law, the movant nevertheless alleges that it was not applicable to the issues involved in the case on trial and was therefore injurious. This ground of the motion is obviously without merit. By his pleadings and by his evidence, the defendant relied solely for his defense upon an express grant, and the charge was not only required but beneficial to the complaining party. Even error without injury is no cause for reversing a judgment.

4. It is argued in the brief for the plaintiff in error that the verdict did not authorize the grant of the permanent injunction for which the plaintiffs prayed, and the decree granting such relief is for that reason void. This question was not raised in the trial court by any prescribed mode of procedure. There is no exception to the decree upon this ground, and it is well settled that the Supreme Court has no jurisdiction to pass upon questions not made in the record. See *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (35 S. E. 777); *Brooks* v. *Raiden,* 113 *Ga.* 86 (2) (38 S. E. 409); *Gabbett* v. *City of Atlanta,* 137 *Ga.* 180 (4) (73

S. E. 372); *Bailey* v. *Warlick*, 196 *Ga.* 642 (1) (27 S. E. 2d 322); Code § 6-1607. Also, it has frequently been held by this court that a decree which does not follow the verdict is not for that reason void, but is irregular, and may be amended or remoulded on motion. *Hubbard* v. *Whatley*, 200 *Ga.* 751 (38 S. E. 2d 738), and citations. Accordingly, special ground 5 of the motion submits for decision no question which this court may consider.

5. The parties, as the record shows, claim title to the land involved in this litigation from the same source, or from common grantors. Hence, neither will be heard to question the sufficiency of the common grantor's title. On the trial and as proof of his title for a tract of 280 acres, more or less, the plaintiff John L. Akins introduced a chain of title which originated in William Brannen. He alleged in the petition that the defendant had built a dam across a named creek, and that the backwater had overflowed and water-logged 50 acres, more or less, of his land, causing a damage to him of $1,000. The plaintiffs, Mr. and Mrs. Stainback, as proof of their title for a tract of 576 acres, more or less, likewise introduced a chain of title which originated in William Brannen, and they alleged in the petition that the defendant, by the construction of the aforesaid dam, had backed up the waters of the creek, overflowed and water-logged 50 acres, more or less, of their land, causing a damage to them of $1,000. And the plaintiff I. C. Underwood, as proof of his title for a tract of 92 acres, more or less, introduced in evidence a chain of title which originated in A. B. Riggs, and he alleged in the petition that the defendant by the construction of the aforesaid dam had backed up the waters of the creek, overflowed and water-logged 20 acres, more or less, of his land, causing a damage to him of $400. The defendant contends that A. B. Riggs built a dam across and erected a grist mill on Greate Lotts Creek in Bulloch County in 1857 or soon thereafter; that the dam was maintained and the grist mill was operated by him and his successors in title continuously until 1919, when the dam washed away; that the backwater from the dam overflowed and water-logged the lands involved in this litigation, they being a part of the mill property; that in 1948 the defendant rebuilt the dam at its prior location, but no higher than the old dam; and that the backwater from the new dam overflowed and water-logged no land which did not belong to him. The evidence, both oral and documentary, which the parties introduced on the trial is voluminous and conflicting, but the jury was fully authorized to find from it, as they did, that the new dam which the defendant built in 1948 was higher than the one which Riggs built in 1857 and which he and his successors in title maintained until 1919; that the new dam increased the acreage which the backwater covered; that it did in fact cause the waters of the creek to overflow and damage the lands described in the petition; and that the lands referred to in the petition and so damaged by the defendant are the property of the plaintiffs. The evidence as to damage, though also in sharp conflict, was sufficient to sustain the awards fixed by the jury. Accordingly, there is no merit in the general grounds of the motion.

6. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Submitted February 8, 1954—Decided March 9, 1954.

*Cohen Anderson, Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.

*W. G. and Wm. J. Neville, Ralph U. Bacon,* contra.