38996.   REPUBLIC OF CUBA v. ARCADE BUILDING
OF SAVANNAH, INC. *et al.*
38997.   REPUBLIC OF CUBA v. DIXIE PAINT
& VARNISH COMPANY, INC. *et al.*

DECIDED SEPTEMBER 22, 1961—REHEARING DENIED
NOVEMBER 17, 1961.

*Edward T. Brennan, Adams, Adams, & Brennan,* for plaintiff in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, J. P. Houlihan, Jr., Robert J. Duffy, John W. Hendrix,* contra.

CARLISLE, Presiding Judge. These two cases began when the plaintiffs made affidavit to obtain writs of attachment against the Republic of Cuba, each claiming as ground for attachment that the Republic of Cuba was about to remove its property beyond the limits of the State. Arcade Building of Savannah, Inc. claimed an indebtedness due it by the defendant of $1,170, and Dixie Paint & Varnish Co., Inc. claimed an indebtedness of $8,427.43. These writs were levied by the issuance of summons of garnishment against the Savannah Bank & Trust Co. The attachments and summonses of garnishment were sued out on January 6, 1961, and the garnishment served on the bank on the same date and were returned to the City Court of Savannah. Arcade Building of Savannah, Inc. filed its declaration in attachment on March 6, 1961, claiming an indebtedness due on account of unpaid rent on premises leased by the Republic of Cuba for the purpose of housing the Cuban Consulate in Savannah, Ga. Dixie Paint & Varnish Co., Inc. filed its declaration in attachment on the same date, claiming an indebtedness by reason of the confiscation, or expropriation, of assets belonging to it and located within the territorial limits of the Republic of Cuba.

No appearance was made on behalf of the named defendant, Republic of Cuba, until March 14, 1961, on which date its attorney filed a motion to "reopen the default," alleging therein that the defendant had a valid defense to the suit and attaching thereto a proposed defense on the ground that the defendant, movant, was a sovereign nation and under the laws of the United States and the law of nations was immune from suit. In these motions the defendant recited that it was making a special appearance solely for the purpose of contesting the jurisdiction

of the court. The trial court allowed the filing of this motion together with the attached exhibits setting up the proposed defense and ordered the plaintiffs to show cause why the default should not be opened and the defendant allowed to file its defense to the attachments. When the matter came on for a hearing on March 30, 1961, the defendant tendered a "Plea of sovereign immunity" signed and sworn to by Dr. Miloslav Ruzek, Ambassador of the Czechoslovak Socialist Republic, on behalf of the defendant Republic of Cuba, which plea again sought to invoke the doctrine of sovereign immunity and prayed that the suits abate and the defendant be discharged and the garnishment and attachment be dissolved. This plea was filed in the clerk's office without having been allowed by the trial judge on March 30, 1961. On that day the trial judge entered an order and judgment which, in effect, overruled the motion of the defendant to open the default and allow the filing of defensive pleading, and thereafter on April 3, 1961, entered a judgment denying the plea of sovereign immunity. On the same day, it appears from the record, a jury trial was had in which the jury found in favor of the plaintiffs in the amounts claimed to be due, plus interest to that date, and also found that the funds on deposit and answered by the Savannah Bank & Trust Co. as being in the account of the Cuban Consulate were the funds and property of the Republic of Cuba. On this verdict and finding of the jury, the court entered a judgment against the funds answered by the garnishee and entered a further order and judgment distributing the funds in each case to the plaintiffs.

The assignments of error before this court in each case are on the final judgments and on the antecedent rulings overruling the defendant's motion to open the default, overruling the plea of sovereign immunity, overruling the motion to dismiss the attachment on the grounds that the court was without jurisdiction, and on the verdict of the jury.

■ After the cases were filed and docketed in this court, the U. S. Attorney for the Northern District of Georgia sought to file in this court a suggestion of interest of the United States in the matter in litigation, in which it is sought, for the first time, to suggest on behalf of the Secretary of State that the funds

levied on by the process of garnishment in these cases are immune from attachment. This court permitted the filing of these papers in the clerk's office, but for the purposes of the decision of the issues made by the bill of exceptions, the matter contained in them cannot be considered. This is a court for the trial and correction of errors of law in cases appealed from superior courts and such other courts as may be designated by the Constitution and laws of the State. Constitution of the State of Georgia of 1945, Art. VI, Sec. II, Par. VIII (*Code Ann.* § 2-3708). This court has no original jurisdiction but may decide only such questions as are made by a specific assignment of error in the bill of exceptions certified to by the judge of the court appealed from. *Code* § 6-1607. Accordingly, no question not presented by the record nor shown by the record to have been passed upon and considered by the trial judge may be considered by this court. *Carpenter v. Lyons,* 78 Ga. App. 214 (1), 216 (50 SE2d 850); *Nix v. State,* 94 Ga. App. 141 (2) (93 SE2d 783); *Rushing v. Akins,* 210 Ga. 450, 452 (4) (80 SE2d 813).

■ The defendant in these cases was denominated by the plaintiff as "The Republic of Cuba." The actions were thus against a sovereign state *eo nomine.* As a general proposition, a foreign sovereign cannot be subjected to the jurisdiction of our courts except with its consent. The Schooner Exchange v. M'Faddon, 7 Cranch (11 U. S.) 116 (3 LE 287); National City Bank v. Republic of China, 348 U. S. 356 (75 SC 423, 99 LE 389); Kingdom of Roumania v. Guaranty Trust Co., 250 F. 341; In re Patterson-MacDonald Ship Bldg. Co., 293 F. 192; United States ex rel. Cardashian v. Snyder, 44 F2d 895; United States v. New York Trust Co., 75 F. Supp. 583. This immunity from suit is entitled to recognition by the courts as respects any de facto government whether it be recognized or unrecognized by the United States. Wulfsohn v. Russian Socialist Federated Soviet Republic, 234 N. Y. 372 (138 NE 24). The plaintiffs in this case recognize the defendant Republic of Cuba as a de facto government in bringing the suit against it as a defendant. Otherwise, there was no proper party defendant before the trial court. Id.

As was said in the Schooner Exchange case, "One sovereign

being in no respect amenable to another; and being bound by obligations of the highest character not to degrade the dignity of his nation, by placing himself or its sovereign rights within the jurisdiction of another, can be supposed to enter a foreign territory only under an express license, or in the confidence that the immunities belonging to his independent sovereign station, though not expressly stipulated, are reserved by implication, and will be extended to him." 7 Cranch (11 U. S. ) 136, supra. As may be seen by a reading of the numerous cases on the subject, it is universally held that jurisdiction in the conduct of relations between this country and its nationals and foreign sovereigns and their nationals is reposed in the Executive branch of the Federal Government acting through the State Department and in the United States Senate. U. S. Constitution, Art. II, Sec. I, Par. II. Disputes involving the actions of a foreign sovereign with respect to property rights of citizens of the United States are essentially political and must be resolved by negotiation through appropriate diplomatic channels.

In the instant case, the defendant specially appeared and by plea raised the defense of sovereign immunity. While it is true that the trial court refused to open the alleged default, the record shows that it nevertheless later permitted the filing of a plea of sovereign immunity and decided the plea on its merits against the defendant. This was proper procedure since the action was commenced as an attachment, and the defendant sought to raise its defense before final judgment had been rendered against it. *Code* § 8-603. *Fort-Mims & Haynes Co. v. Branan-Akers Co.*, 140 Ga. 131 (78 SE 721). Thereafter, the jury found a verdict which included a finding that the funds attached were those of the Republic of Cuba. The evidence on which this finding was made is not in the record, but at any rate this finding is not excepted to and this court must decide the issue on the premise that the jury finding was correct and proper. The actions being against a sovereign by name, there was no vestige of apparent jurisdiction (Puente v. Spanish Nat. State, 116 F2d 43, 45; Oliver American Trading Co. v. Government of the United States of Mexico, 5 F2d 659), and after the finding by the jury with respect to the ownership of the funds attached, an order sustaining the plea of immunity was demanded.

It is not material that the actions may have commenced as actions in rem. Republic of Mexico v. Hoffman, 324 U. S. 30 (65 SC 530, 89 LE 729). After the filing of the declarations in attachment and appearance by the defendant, the actions became not merely actions against the property attached but also actions against the defendant personally, authorizing general judgments against it. *Code* § 8-901. Such a judgment cannot be rendered against a sovereign without its consent.

The trial court erred in refusing to enter an order sustaining the plea of immunity in each case. See *Florida State Hospital for the Insane v. Durham Iron Co.*, 194 Ga. 350 (21 SE2d 216).

*Judgments reversed. Nichols and Eberhardt, JJ., concur.*

### ON MOTION FOR REHEARING.

Upon consideration of the motion for rehearing, a dissent having developed, the case was considered by the entire court as provided by the Act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Rehearing denied. All the judges concur in the original opinion except Felton, C. J., who concurs specially, and Nichols, P. J., who dissents.*

FELTON, Chief Judge, concurring specially. I concur in the judgment and what is said in the opinion except the ruling in Division 1. In my opinion this court is not controlled by the laws of practice in Georgia on the question whether the State Department may file in this court for the first time a suggestion of sovereign immunity as to the funds involved. I think that such a suggestion can be filed at any time up to the execution of the writ subjecting the funds. It follows that the judgment should be reversed even if the Republic of Cuba had no standing upon which to raise the issue of sovereign immunity on its own behalf.

NICHOLS, Judge. I dissent from the ruling in the 2nd Division of the majority opinion as well as the judgment of reversal.

Diplomatic relations with the Republic of Cuba have been severed. No intervention urging the immunity of the Republic of Cuba was filed in the trial court by or on behalf of the State Department and in the absence of such intervention I believe that the trial court was correct in refusing to adjudicate that it

was without jurisdiction of the case. As pointed out by the majority, the question of such immunity is exclusively for the State Department and could not be raised either by the Republic of Cuba or by a third nation handling the affairs of the Republic of Cuba in this country. See the Gul Djemal, 296 F. 563. The absence of a proper suggestion by the State Department can and must be construed as an absence of recognition of the sovereign immunity contended for. The trial court's judgment should be affirmed.