44135. FREEMAN v. CITY OF VALDOSTA.

PANNELL, Judge. The defendant was convicted of violating an ordinance of the City of Valdosta regulating the operation of a business on Sunday or the Sabbath. In his application for certiorari he made certain constitutional attacks upon the ordinance. The judge of the superior court overruled the certiorari and the defendant appeals to this court. *Held:*

1. While, in the trial before the recorder, a reference was made

to "a State statute" and a statement made that the ordinance was unconstitutional because it had been pre-empted by the State statute, nowhere does the record show that the statute was identified or the constitutional provision identified which it was contended in the certiorari the ordinance violated. Under these circumstances, the judge of the superior court properly overruled the certiorari on these grounds. See *Sayer v. Brown,* 119 Ga. 539 (3, 5) (46 SE 649); *Coleman v. City of Griffin,* 55 Ga. App. 123, 129 (189 SE 427); *Curtis v. Town of Helen,* 171 Ga. 256 (2c) (155 SE 202).

2. Under these circumstances, it is unnecessary to determine whether the ordinance is invalid upon application of *City of Atlanta v. Hudgins,* 193 Ga. 618 (19 SE2d 508), or is valid under the ruling in *Karwisch v. Mayor &c. of Atlanta,* 44 Ga. 204. See also *McAuliffe v. Vaughan,* 135 Ga. 852 (70 SE 322, 33 LRA (NS) 255, AC 1912A 290); *Arnheiter v. State,* 115 Ga. 572 (41 SE 989, 58 LRA 392); *Reed v. State,* 119 Ga. 562 (46 SE 837); *Beard v. City of Atlanta,* 91 Ga. App. 584 (86 SE2d 672); *Giles v. Gibson,* 208 Ga. 850 (69 SE2d 774).

3. There being no other grounds insisted upon in the brief of the appellant, the judgment is affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

ARGUED JANUARY 6, 1969—DECIDED JANUARY 21, 1969—
REHEARING DENIED JANUARY 31 AND MARCH 11, 1969—

*Walker & Yancey, Reuben H. Yancey,* for appellant.
*Henry T. Brice,* for appellee.

### ON SECOND MOTION FOR REHEARING.

PANNELL, Judge. Appellant has made a second motion for rehearing and in this motion and in the first (which was denied), appellant most strenuously insists (1) that he made a proper constitutional attack on the statute at the first opportunity *in his petition for certiorari to the superior court* for the reason that the recorder's court had no jurisdiction to pass upon the constitutionality of the statute; (2) that the recorder's court and the superior court erred in refusing to pass on the constitutionality of the statute; (3) that the recorder's court erred in holding the statute constitutional.

Appellant does not now contend that he made a proper attack in the recorder's court but in effect claims it was unnecessary since the record shows that the recorder, when the case was called for trial, "announced that he understood that this was a test case to determine certain constitutional issues and that formal rules of pleading and practice and strict evidence would not be followed." A mere statement by the judge trying the case that he understands constitutional issues may be determined in the case does not relieve a party from making a proper constitutional attack for the trial judge to rule upon; neither does the statement by the trial judge that formal rules of pleading and practice will not be followed, since an attack upon the constitutionality of the statute must be made with sufficient particularity for this court to determine what the trial court passed upon, and this rule can not be waived or abandoned by the trial judge. That rule is for the benefit of the trial judge and this court. The trial judge may have gone through some other means of communication than that shown by the record and discovered a particular statute and a particular constitutional provision was involved. We can not say from the record that he did, and we are bound by the record and not by our imaginations or suppositions. If there was a tacit understanding between counsel and the trial judge, such understanding should have been a matter of record, by certificate of the trial judge, by a transcript of the proceedings, or should appear in the answer to the petition for certiorari directed to the superior court. "1 . Where it does not appear from the record that issues were made in the trial court, they can not be raised by certiorari in the superior court, and reviewed in this court. *Hood v. Griffin,* 113 Ga. 190 (38 SE 409) ; *Duren v. Thomasville,* 125 Ga. 1 (53 SE 814) ; *Hardy v. Eatonton,* 128 Ga. 27 (57 SE 99). 2. The constitutional issues were raised for the first time in a certiorari to the superior court from a judgment in the municipal court. Therefore the superior court could not consider, nor can this court review, these assignments of error." *Bolton v. City of Newnan,* 147 Ga. 400 (94 SE 236). We adhere to our application of the cases cited in Division 1 of the original opinion.

There being no proper attack made in the recorder's court, we

would affirm the trial judge in overruling the alleged attack on the statute and we would also affirm him for a refusal to rule upon the improper attack, as he would be correct in either event. Accordingly, the judge of the superior court would be affirmed in denying the certiorari on these grounds.

Nothing contained in Sec. 1, Par. (b) of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701) requires this court or any other court to pass upon a matter not properly presented for decision. We find nothing in the provision of the statute which supports appellant's contention in this respect. The Court of Appeals, as constitutionally created, is a court alone for the trial and correction of such errors of law as shall appear from the record as made in the trial court. *Nix v. State,* 94 Ga. App. 141 (2) (93 SE2d 783); *Republic of Cuba v. Arcade Bldg.,* 104 Ga. App. 848, 850 (123 SE2d 453); *Rushing v. Akins,* 210 Ga. 450 (4) (80 SE2d 813); *Mitchell v. Arnall,* 203 Ga. 384 (5) (47 SE2d 258); *Stuckey v. Watkins,* 112 Ga. 268 (2) (37 SE 401, 81 ASR 47); *Blanch v. King,* 202 Ga. 779, 782 (44 SE2d 779); *Fry v. Shehee,* 55 Ga. 208 (7). As was stated in *Bryant v. Fidelity &c. Co.,* 114 Ga. App. 853 (1) (152 SE2d 759): "Nothing in the Appellate Practice Act of 1965 in any way alters this fundamental principle of appellate jurisdiction." The same principle applies to the superior court upon petition for certiorari to an inferior court. *Code* § 19-101.

Movant insists that he made a proper attack at the first opportunity in the petition for certiorari to the superior court citing as authority *Calhoun v. State Hwy. Dept.,* 223 Ga. 65, 68 (153 SE2d 418). In that case, the statute attacked was not passed by the legislature until after the case was in the Court of Appeals which had no jurisdiction to pass upon the constitutionality of a State statute. On application for certiorari to the Supreme Court, an attack was first made. The Supreme Court merely held that the attack was made at the first opportunity, which was correct under the facts. It was certainly not possible for the complaining party there to have attacked a statute prior to its passage. The courts will not require the impossible, but they will require a party to make a proper attack upon a statute or ordinance at the first opportunity an attack is possible.

Although the appellant attempted to make a proper attack in the recorder's court and apparently thought he had done so, he now insists that he had no opportunity to make an attack there because the recorder's court had no jurisdiction to declare a statute of this State unconstitutional. No authority is cited for this contention other than the argument that the statute setting up the recorder's court does not expressly give the recorder authority to pass on such questions. While, in some states, some courts are prohibited by statute from passing upon the constitutionality of an ordinance or statute, the general rule in this country is that inferior courts may rule upon the constitutionality of ordinances or statutes when appropriate and necessary for a decision of the case. See 16 CJS 293, 300, Constitutional Law, §§ 92, 93. Any lower or inferior court of original jurisdiction in this State, when a proper attack is made upon an ordinance or statutory provision involved in a matter properly before the court, may rule upon its constitutionality, which becomes the law of the case, unless reversed on appeal; but only the appellate courts of this State can effectually declare an ordinance or a statute of this State unconstitutional and legally obliterate it from the books. Art. VI, Sec. II, Pars. IV and VIII of the Constitution of the State of Georgia (*Code Ann.* §§ 2-3704 and 2-3708).

*Judgment adhered to. Felton, C. J., and Quillian, J., concur.*